## PEOPLE v. MAJORS.*

### February 12, 1884.

#### 2 Pac. 744.

**Former Conviction.—An Appeal will not Lie from a Judgment upon a Plea** of former judgment of conviction, nor from an order denying a motion for a new trial.

**Former Conviction.—Two Men Being Murdered in Furtherance of a Conspiracy,** each conspirator was guilty of the murder of each of the victims, and conviction of the killing of one is no bar to a prosecution for the killing of the other, even though both men were killed at the same time and place.

Attorney General for respondent; J. B. Lamor for appellant.

ROSS, J.—To an information filed August 27, 1883, charging the defendant with the murder of one Archibald McIntyre, in Santa Clara county, on the eleventh day of March,

*For subsequent opinion in bank, see People v. Majors, 65 Cal. 138, 52 Am. Rep. 295, 3 Pac. 597.

1883, defendant, without a plea of not guilty, pleaded a former judgment of conviction of the same offense. Upon the plea so interposed a trial was had, and a verdict rendered for the people. Defendant then moved in arrest of judgment, and also made a motion for a new trial, both of which motions were denied by the court, and thereupon judgment was given against him on the plea. He appeals from the judgment, from the order denying his motion in arrest of judgment, and also from the order refusing him a new trial.

It is clear that there is no authority for the appeal from the judgment, nor for that from the order denying the motion in arrest of judgment. Sections 1237 and 1259 of the Penal Code read:

"Sec. 1237. An appeal may be taken by the defendant: (1) From a final judgment of conviction; (2) from an order denying a motion for a new trial; (3) from an order made after judgment, affecting the substantial rights of the party."

"Sec. 1259. Upon an appeal taken by the defendant from a judgment, the court may interview any intermediate order or ruling involving the merits, or which may have affected the judgment."

Such orders and rulings made prior to the judgment, and involving the merits, or which may have affected the judgment, from which an appeal is not in terms given, can only be reviewed on appeal from the final judgment of conviction: People v. Clarke, 42 Cal. 622. Section 1237 does not give an appeal from an order denying a motion in arrest of judgment. The appeal from the order is therefore without authority, and must be dismissed. So, too, with respect to the appeal from the judgment upon the plea of former conviction. It is obvious that such a judgment is not "a final judgment of conviction." It only determines that the defendant has not been previously convicted of the offense of which he now stands charged, leaving the question of his conviction or acquittal open, to be determined after a trial.

The appeal from the order denying defendant's motion for a new trial of the issue raised by his plea of former conviction remains to be considered. On the trial of that issue it was made to appear in evidence that the defendant was a defendant to an information filed in the same court on the 39th of March, 1883, charging Joseph Jewell, John Showers

and Lloyd L. Majors with the murder of one William P. Renowden, in the county of Santa Clara, on the 11th of March, 1883; that under that information defendant was duly convicted and adjudged guilty of murder in the first degree, and sentenced to life imprisonment in the state prison; that the facts established by the evidence given on that trial and upon which defendant was convicted were: "That said Lloyd L. Majors counseled and advised one Joseph Jewell to rob one William P. Renowden, living near Lexington, in the said county of Santa Clara, on the eleventh day of March, 1883; that on said day said Jewell repaired to said Renowden's home, taking with him one John Showers; that said Jewell and Showers unexpectedly found at the house of said Renowden one Archibald McIntyre, who was then residing with said Renowden; that in the attempt to carry out the design of robbery both said Renowden and said McIntyre were then and there, at the same point of time, to wit, about 6:30 o'clock P. M. of the eleventh day of March, 1883, killed by said Jewell and Showers; that said Majors was not present; neither did he personally participate in the said act of killing said Renowden and McIntyre, or either of them, except counseling and advising said Jewell to commit said robbery as aforesaid"; and it was further made to appear in evidence in the court below that the facts above recited "are to be adduced and proven in support of the information now pending, to which the said Lloyd L. Majors has pleaded a former conviction should the same be put in issue by a plea of not guilty."

The proposition of appellant's counsel is that as Renowden and McIntyre were killed at the same place and at the same point of time by Jewell and Showers in the attempt to rob Renowden, the killing "was, on the part of Jewell and Showers, one physical act—one mental effort," and therefore a conviction for the murder of Renowden bars a prosecution for the murder of McIntyre. For the purposes of this case we need only say that we do not find counsel's premise supported by the facts disclosed by the record. Because Renowden and McIntyre were killed by Jewell and Showers at the same place and at the same point of time, it by no means follows that their death was caused by "one physical act—one mental effort." As is well said by the district attorney, Showers may have brained one with a shotgun in the house, while Jewell

shot the other with a pistol through the heart in the yard. Both were murdered in the execution of a conspiracy entered into for the purpose of robbing one of them. The act of each conspirator in furtherance of that design was the act of each and every of the others. Each was guilty of the murder of each of the murdered men, and, of course, subject to prosecution therefor. We think this very clear.

Appeal from the judgment and from the order denying the motion in arrest of the judgment dismissed, and order denying the defendant's motion for a new trial affirmed.

We concur: McKinstry, J.; McKee, J.