[No. 9,371.  In Bank.—February 5, 1885.]

## JAMES H. CUMMINGS, APPELLANT, v. PATRICK CONLAN, RESPONDENT.

APPEAL—SETTLEMENT OF STATEMENT—NEW TRIAL.—Where the successor of the judge who tried an action hears and denies the motion for a new trial, made upon the records and minutes of the court, the subsequent statement on appeal from the order denying the motion should be settled by the judge who made the order, and not by his predecessor who tried the action.

MOTION to dismiss an appeal from the Superior Court of Sacramento County.

The facts are sufficiently stated in the opinion of the court.

*J. G. Severance*, for Appellant.

*L. S. Taylor*, for Respondent.

SHARPSTEIN, J.—This case was tried in Sacramento before Hon. S. C. Denson, the late judge of the late sixth judicial district, and findings and judgment against the plaintiff were filed on the seventeenth of May, 1878. On the twenty-fifth of the

same month of the same year, the plaintiff filed and served a notice of motion for a new trial, on the sole ground of "insufficiency of the evidence to justify said decision therein, and that it is against law," and stated in said notice that said motion would "be made and heard upon the records and minutes of the court in said action." This motion was heard before the Hon. T. B. McFarland, judge of the Superior Court of Sacramento county, which, intermediate the filing and hearing of said motion, had succeeded to the jurisdiction of said late district court. On the seventeenth of September, 1883, said motion was denied. Thereupon the plaintiff's counsel prepared a statement on appeal, which defendant's counsel moved to have stricken out, on several grounds which it is unnecessary to specify. This motion was heard before the judge of said Superior Court, and by him denied. The parties stipulated that said judge should hear said motion, and if he denied it, "settle the statement on the same day and time." Instead of doing so, however, he "ordered that the settlement of the said statement on appeal be * * * referred to the Hon. S. C. Denson, ex-judge of the district court of the sixth judicial district in and for the county of Sacramento." And the statement before us has the following certificate appended to it:

"The foregoing corrected and amended statement having been submitted to me for settlement, I have very little recollection of what occurred upon the trial; but the defendant's amendment having been incorporated into plaintiff's draught, I presume the statement to be now correct, and therefore now allow and certify the same to be a correct statement of the case.
                                    "S. C. DENSON, Ex-District Judge.
"SACRAMENTO, December 13, 1883."

If this constitutes a statement on appeal, it is our duty to review the order appealed from. The statement was not settled by the judge who heard and denied the motion for a new trial. The decision excepted to—the denial of plaintiff's motion for a new trial—was made by the judge of said Superior Court, and not by the judge of said late district court. If the plaintiff, in

his notice of intention to move for a new trial, had stated that it would be made upon a statement of the case, and had prepared and served such statement in the manner and within the time prescribed in the code, the judge who tried the case and made the decision excepted to would have been the proper person to settle such statement, whether, at the time it was presented to him for settlement, he was a judge or had ceased to be one.

The plaintiff did not give notice of his intention to move upon a statement, nor prepare or present one for settlement before his motion was heard and denied. But he did move upon the records and the minutes of the court, and his motion was not heard before the judge who tried the case, but before his successor, who denied the motion. To that order the plaintiff excepted, and from it this appeal is taken. Section 661, Code Civil Procedure, provides that in a case like this, the judgment roll, and a statement to be prepared after the motion is decided, with a copy of the order, shall constitute the record on appeal; and then fixes the time within which such subsequent statement shall be proposed and amendments thereto be prepared, and thereafter proceedings shall be had as provided by section 659, Code Civ. Proc.; " but the statement shall only contain the grounds argued before the court for a new trial, and so much of the evidence or other matter as may be necessary to explain them ; and it shall be the duty of the judge to exclude all other evidence or matter from the statement." Subdivision 3 of section 659, above referred to, provides that where an action is tried by a judge, he shall settle the statement on motion for a new trial.

But the question here is, Who shall settle a statement proposed on appeal, after a motion for a new trial has been heard and decided? And that, we think, is answered by section 653, Code Civ. Proc., which provides, in substance, that the judge or judicial officer who made the decision excepted to shall settle the bill of exceptions, whether, at the time it is presented to him, he is or is not such judge or judicial officer. And this view of the question is strengthened by the provision of section 661, that " the statement shall only contain the grounds argued before the court for a new trial, and so much of the evidence or

other matter as may be necessary to explain them." This certainly seems to contemplate a settlement of the statement by the judge who heard the argument for a new trial. And we think that he was the only person who could settle a statement, on appeal from an order made by him, unless he had died, been removed from office, become disqualified, or was absent from the state.

The appeal is not from any decision of said late district court, and there is, in our opinion, no authority or reason for holding that the judge of that court should settle a statement on appeal from a decision made by the judge of the Superior Court. In the absence of a statement settled by the judge who made the decision excepted to, we have no jurisdiction to review said decision. Appeal dismissed.

MYRICK, J., MCKINSTRY, J., MORRISON, C. J., MCKEE, J., and ROSS, J., concurred.

THORNTON, J., dissenting.—I dissent. This cause was tried before Judge S. C. Denson in the late district court for Sacramento county, in 1878. The decision (which is the findings of fact and conclusions of law, so defined in section 633, Code Civil Proc.) was adverse to plaintiff, who gave notice, within the proper time, of his intention to move for a new trial on the minutes of the court on various grounds ; among others, on the insufficiency of the evidence, and that it is against law. Specifications as to the insufficiency of the evidence are inserted in the notice. This motion was brought on for hearing before the Superior Court for the county above named, which succeeded to the jurisdiction of the former district court. The jurisdiction of the Superior Court attached to all causes pending in the former district court just as fully, and with the same power, as if they had been in the first instance commenced therein. This jurisdiction and power were conferred by the constitution of 1879. (See article 22, schedule, § 3, Const.) The power of the Superior Court was more fully defined by the eleventh section of article 22, by which all laws relative to the former judicial system were made applicable to the judicial system created by the constitution now in force.

Judge Denson became afterwards the incumbent of the Superior Court, established by the constitution of 1879, and for some time continued to be such incumbent. He resigned, and was succeeded by the Hon. T. B. McFarland. The motion for a new trial was heard and decided by the Superior Court, Judge McFarland presiding, who denied it. Thereupon the plaintiff proceeded to prepare his statement under the statute. (See § 661, Code-Civil Proc.) This statement appears to have been settled and allowed by Judge Denson, whose certificate is appended to it. The papers above referred to constitute a part of the record on appeal in this court. The appeal here is from the order denying a new trial, and by statute the record in this court consists of a copy of the order denying such new trial, of the notice of appeal, (Code Civil Proc. § 952), of the judgment roll, and of the statement. To these may be added, under the usual practice allowed by this court, a copy of the notice of intention to move for a new trial. These papers only are before us. The other papers printed in the transcript can only come before this court by being embodied in some bill of exceptions or statement, allowed and certified as required by law. Not being so embodied and attested, they are not before us.

The case then presented for decision is this : A case tried in the former district court, Denson presiding ; a proper notice of intention given and served to move for a new trial in that court on the minutes of the court ; the cause in this shape coming into the Superior Court, where Denson was also the judge ; the motion for a new trial heard by the Superior Court, Judge McFarland, the successor of Denson, presiding ; the denial of the motion for a new trial by the court last named, presided over by McFarland, and the statement afterwards settled by Judge Denson. The question then arises, Is the statement legally allowed and certified by Judge Denson, who heard and tried the cause ; or should it have been allowed and certified by Judge McFarland, who heard and decided the motion for a new trial ? This point must be determined by the statute law of the state. This statute law is for the most part embodied in section 653, Code Civil Proc., which is as follows:

"When the decision excepted to was made by any judicial officer other than a judge, the bill-of exceptions shall be pre-

sented to such judicial officer, and be settled and signed by him, in the same manner as it is required to be presented to, settled, and signed by a court or judge. A judge or judicial officer may sign and settle a bill of exceptions after, as well as before, he ceases to be such judge or judicial officer. If such judge or judicial officer, before the bill of exceptions is settled, dies, is removed from office, becomes disqualified, is absent from the state, or refuses to settle the bill of exceptions, or if no mode is provided by law for the settlement of the same, it shall be settled and certified in such manner as the Supreme Court may, by its order or rules, direct. Judges, judicial officers, and the Supreme Court shall respectively possess the same power, in settling and certifying statements, as is by this section conferred upon them in settling and certifying bills of exceptions."

It is well to remark here, that the first clause in this section has no reference to the case of a judge, and therefore has no reference to this case. It relates by its terms to the decision " made by any judicial officer other than a judge," and provides, in that case, that the bill of exceptions must be settled and signed by such judicial officer, who is not a judge. (See also § 649, Code Civil Proc.) Who such " judicial officer, other than a judge," is referred to in this clause, need not be determined herein. But as Denson and McFarland were judges, they are not the judicial officers referred to.

The remaining portion of section 653 refers to judges, and enlarged powers are conferred on them by it, as to settling bills of exceptions and statements. A judge may settle and sign a bill of exceptions, though he has ceased to be a judge, either by resignation or by the expiration of his term. He possesses the same power as to statements. The word " statements " used in the section is *general.* It includes a statement to be made after a motion for a new trial is denied or granted, as well as to one to be made before. The word is not restricted in any way in the section ; it therefore includes all statements mentioned in the Code of Civil Procedure. The statement in this case had, by special requirement of the law, to be proposed, and settled, and allowed, after the motion for a new trial had been granted or refused. It had to be proposed by the party appealing, or in-

tending to appeal. If the motion had been granted in this case, and the defendant intended to appeal from the order, the defendant must have proposed the statement. Here it was denied, and such duty devolved upon the plaintiff, and the proceedings to settle the statement were to be had as provided in section 659, Code Civil Proc. Such is the plain requirement of the statute. (Code Civil Proc., § 661.)

Let it be observed, that by section 661 the statement is to be prepared by the party appealing, or intending to appeal, who is to serve the same, or a copy thereof, on the adverse party, who shall have ten days to prepare amendments thereto, and serve the same, or a copy thereof, upon the party first named; and thereafter proceedings shall be had within like periods for the settlement of the statement, as provided by section 659, Code Civil Proc. Note further, as appears from Judge Denson's certificate of allowance, the statement and amendments herein had been prepared and properly served. But, independent of this statement by Denson, as nothing appears to the contrary, we must assume that all steps in this regard had been taken *secundum legem*.

Now, what are the proceedings to be had for the settlement of the statement, as provided in section 659? They are as plain as the requirement of section 661. It is necessary to refer here only to those mentioned below. It is provided in section 659, in language as to which there can be no doubt as to its meaning (§ 659, sub. 3), that if the amendments proposed to the statement are adopted, the statement shall be amended accordingly, and *then presented to the judge who tried or heard the cause* for settlement, or delivered to the clerk of the court for the judge. If the amendments are not adopted, the proposed statement and amendments shall, within a designated period, be presented by the moving party to *the judge*, upon a notice presented or delivered to the clerk of the court for *the judge*, and thereupon the same proceedings shall be had for the settlement of the statement, as are provided for settlement of bills of exceptions by section 650. By turning to section 650, it will be observed what proceedings are to be had, and it is there clear that they are all to be had before the judge who tried or heard the cause. Without stating more particularly

the provisions of this section (650), it clearly prescribes that the judge who tried or heard the cause shall settle, allow, and certify the statement. It will scarcely be contended that " *the judge* " mentioned in section 659, sub. 3, referred to after the clause in it first above cited, is not the judge who tried or heard the cause. The words " *the judge,*" above referred to, follow the expression, " *the judge who tried or heard the cause*"; and as the definite article is used in designating the judge, it would be an abuse of interpretation to hold otherwise than that the same officer is designated by both forms of expression. The correctness of this interpretation is assured by the further fact, that the power of the then .judge presiding in the court which passed on the motion for a new trial is also defined in section 661. He may allow further time to prepare and serve the statement. Where the respective duties of both judges are defined in the statute, it would be a mistaken interpretation to hold that the duties and power of the one can be discharged and exercised by the other. It follows, from what is said above, that inasmuch as Denson was the judge who tried and heard the cause, he is the proper person to settle, sign, and certify the statement.

The other papers, if considered before us, take away nothing from this conclusion. This will be apparent on perusing them. In relation to the language used by Judge Denson in his certificate to the statement, it may be remarked that it makes no difference that his memory is not clear or distinct as to the matters stated in it. The law requires him, when he settles the statement, to sign it with his certificate that the same is allowed. (§ 659, sub. 3 ; § 650, Code Civil Proc.) This he has done, and, as this appears, it is no part of the duty, nor is it within the province assigned by law to this court, to inquire how long ago the cause was tried, or as to the memory of the judge. The statements in his certificate referred to above might have been a sufficient reason why he should have refused to take any part in settling the statement; but, having settled it, and certified it as required by law, this court will not and cannot go behind it to inquire into his capacity or incapacity for discharging a duty which he has discharged under the law, and according to its requirements, or whether his reasons for allowing the

statement were or were not sufficient. His action is right, though his reasons were not convincing to another. The rulings and not the reasons of a court or judge are only inquired into by a court sitting in error or on appeal. If the ruling is right, it is affirmed, though the reasons given for it are bad. A reversal is for bad law, not for bad logic. But, in fact, the learned judge was relieved from much of the responsibility devolved on him in the matter, as it appears from his own statement that the amendments to the statement were all agreed to.

The statute requires that when the statement is settled it shall be signed by the judge, with his certificate, to the effect that the same is allowed, and it shall then be filed with the clerk. (§§ 650, 661, Code Civil Proc.) Rejecting everything else from Judge Denson's certificate except the statutory requirements above given (as we would be and are authorized to do), we are yet authorized to presume, and should assume, nothing appearing to the contrary, that the statement was settled as required by law; that all the steps required by the statute for its settlement had been regularly followed. It may, perhaps, be contended that the statute does not provide for the settlement of a statement, in a case where the motion for a new trial has been heard by a court presided over by a judge who did not try the case. But if what is said above is correct, we think it clear it does. Certainly, the legislature had power to provide for such a case, and it might empower the judge before whom the cause was tried to settle the statement. The question is one of interpretation of the provisions of the code on the subject. Was the legislature competent by its enactments to confer this power on the judge who heard and tried the case? Of this power we think there cannot be a doubt. If we are correct in what is said above, the power has not only been conferred by the legislature, but its acts have been adopted by the constitution. (Article 22, § 2, Const.)

But it may be urged the decision to be passed on by this court was made by Judge McFarland, and how can Judge Denson settle a statement so as to review a decision made by another judge? In our view, it is a misconception to say that the decision to be passed on here was made by McFarland. The findings of fact and conclusions of law constitute the decision

(§§ 632, 633, Code Civil Proc.), and this decision was made on the testimony heard by Denson. It is the rulings made by Denson on the trial which are to be reviewed. McFarland passed on these rulings, or he passed on nothing. If it is said that McFarland did not pass on Denson's rulings, because there was no statement or bill of exceptions before him, and therefore he could not pass on them, then he passed on nothing but the judgment roll. But we have no right to assume that such was the case. Why could not McFarland take the means of ascertaining from Judge Denson's notes what testimony was given before him ? By the judge's notes, we understand really the memory of the judge. It rarely happens that the judge writes down in his notes all the testimony given. Why could not McFarland ascertain the facts by inquiring of Judge Denson ? If this was the only practicable mode of getting at the testimony, we do not see why it should not be resorted to for the purpose of affording to the plaintiff a resort to a remedial procedure which the law gave him. As Judge McFarland is invested with the power to pass on the motion for a new trial, we do not know why, as incidental to this power, he is not invested with all necessary and proper means, not forbidden by law, to exercise such power understandingly ; and the application to Judge Denson for the necessary information, there having been no other means provided, is itself both necessary, lawful, and proper. Certainly, if a duty is imposed upon a judge by statute or any law, and it is necessary to procure information as to matters of fact from another judge to enable him to discharge such duty intelligently, and no means are provided by statute by which he can obtain the information, he can legally resort to inquiry of such judge. This resort comes within the range of inquiry allowed to a court or judge in matters of judicial knowledge. ( § 1875, Code Civil Proc.)

If Judge McFarland, without any information as to the testimony in the cause, passed on the motion, it would be an act highly arbitrary, and we have no reason to think that he did so act or would so act. We do not believe he would. But if he acted without information and denied a new trial, this is a strong reason why this court should struggle to furnish a remedy to the plaintiff. But, in fact, the procedure as prescribed is en-

tirely independent of the personalty of the judge who presided in the court. It is really the same court throughout to which application is made, and which is exercising the powers intrusted to it, and administering the remedies to be sought in it. It would be strange if the remedy should stop short by the change of the judge who presides in the court, especially where this change occurs without fault of the party invoking its jurisdiction. The motion for a new trial is made to the court, and granted or refused by the court. It is the court's ruling and not the ruling of the judge to be passed on. It is not the decision of Judge McFarland to be here passed on, but the ruling of the court and action of the court which tried the cause. Whoever may have been judge, though there may have been several changes of the judicial incumbent, it is still the ruling of the court to be passed on. It should further be considered that the motion for a new trial is a means of getting the case to this court, to be reviewed on appeal, and to review really what has been done by the actual trial court.

If the law has made no provision for settling the statement, then, by section 653, Code Civil Procedure, the power to direct in what manner this statement shall be settled is given to this court. This power may be exercised by order or rules of court; and as this statement has been settled by Judge Denson, and, no doubt, properly settled as regards its contents (at any rate, neither party asserts that it is not), this court would be authorized to accept it as properly settled, within the rule laid down in *Pieper* v. *Centinela Land Co.*, 56 Cal. 174, followed in *People* v. *Jordan*, 65 Cal. 644; and as it had a right to order, and, no doubt, would have ordered, it in advance to be settled before Judge Denson as the most proper person to perform this duty, it is authorized, after the statement has been settled by Denson, to accept it as properly settled. And for this reason, also, this court should consider the statement as part of the record, and proceed to hear the cause. It is said, as a reason why Judge Denson should not have settled the statement, that the law prescribes that the statement shall only contain the grounds argued before the court for a new trial, and so much of the evidence or other matter as may be necessary to explain them, and it shall be the duty of the judge to exclude all other matter

from the statement. (Code Civil Procedure, § 661.) Let this be conceded to be true, as it undoubtedly is, still it does not go to the power; and the proper judge having settled the statement, it is to be taken as properly settled. The judge settling the statement, no doubt, informed himself as to all such matters. The power to settle conferred by law, invested him with all means lawful, necessary, and appropriate to its proper settlement. Further, it does not appear that any objection on this ground has been made or taken.

It may be urged that the judge who heard and tried the case, and he only, can pass on the motion for a new trial when made on the minutes of the court, for the reason that the minutes are the notes of such judge, and usually his memory of the testimony adduced on the trial; and this being so, the statute does not provide for settling the statement in such a case. What is said before is an answer to this. Surely the question is whether and to whom the power is given. If the legislature can confer the power (and we do not see how this can be successfully controverted), and has conferred it on the judge who heard and tried the cause, this is all that is required to dispose of the contention. If the power is not conferred on the judge above designated, and no provision of law specifically states who is to do this work, then, under section 361, Code Civil Proc., this court can direct, by order or rule, by whom and how it shall be done; and as to the course this court should pursue herein, it has already been pointed out. The conclusion follows, from what has been said above, that Denson, who heard and tried the cause, and not McFarland, who denied the new trial, was the proper officer designated by law to settle the statement; that such statement is properly in the record, and is before us for consideration.

Turning now to the record, is any error apparent? We think there is. One of the grounds on which the motion was made is, that the decision is against law. There must be a finding on all the material issues in a cause. In the absence of findings on all such issues, the decision is against law. So held in *Knight* v. *Roche*, 56 Cal. 15, approved and followed (not cited) in *Soto* v. *Irvine*, 60 Cal. 438. (See *Brown* v. *Burbank*, 59 Cal. 538.)

In our judgment, such issues are not passed on herein. The evidence of plaintiff, at least, tended to show that about the

thirty-first day of January, 1877, he pledged to the defendant, for money lent, the property alleged in the complaint to have been converted by him. This was contradicted by defendant, and it was a material issue whether the property was pledged or not. There is no finding on this issue. There is evidence tending to show that a sale had been made of the property alleged to have been pledged, without the notice required by law. On this issue, which is material, there is no finding. Then the decision being against law, the plaintiff is entitled to a new trial.

In our opinion, the order should be reversed, and the cause remanded for a new trial.

Rehearing denied.