[No. 20487.   In Bank. — December 8, 1888.]

# THE PEOPLE, RESPONDENT, *v.* WILLIAM J. HENRY, APPELLANT.

CRIMINAL LAW — APPEAL — REFUSAL OF ARREST OF JUDGMENT. — No appeal lies in a criminal case from an order denying a motion in arrest of judgment.

ID. — BURGLARY — INFORMATION ALLEGING BUT ONE OFFENSE. — An information for burglary, which charges the defendant with having feloniously entered "the house, room, apartment, tenement, shop, warehouse, store, and building of the San Diego and Coronado Water Company, with the intent then, there, and therein to commit larceny," charges but one offense.

ID. — ALLEGATION OF OWNERSHIP OF BUILDING — COMPANY. — Under section 959 of the Penal Code, an information for burglary, which designates the building entered as owned by a particular "company," is sufficient, without a further allegation showing whether the company is a corporation or a partnership.

ID. — DELAY IN TRIAL — REFUSAL TO DISMISS — DISCRETION. — Under section 1382 of the Penal Code, it is not an abuse of discretion to refuse to dismiss a criminal case which has not been brought to trial within sixty days after the filing of the information, when the delay is attributable to the fact that during such time the court was engaged in the trial of other causes.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order refusing an arrest of judgment.

In opposition to the motion made by the defendant for a dismissal, on the ground that he had not been brought to trial within sixty days after the filing of the information, the district attorney filed an affidavit, from which it appeared that during the interval between the time when the defendant was arraigned and the time of his trial, the court had been continuously engaged in the trial of other cases. The further facts are stated in the opinion of the court.

*Hunsaker, Britt & Lamme,* for Appellant.

*Attorney-General Johnson,* for Respondent.

The COURT. — On the second day of May, 1888, an information was filed against the defendant, charging that he, on a certain day prior to the filing of said information against him, had "feloniously entered the house, room, apartment, tenement, shop, warehouse, store, and building of the San Diego and Coronado Water Company, with the intent then, there, and therein to commit larceny," etc.

To this information the defendant, on the twenty-second day of May, 1888, demurred upon all the statutory grounds. On the same day the demurrer was overruled; the defendant excepted and pleaded not guilty. On the 3d of September the case was set for hearing on the 25th of September, 1888. On that day, before the trial commenced, the defendant, by his counsel, moved the court to dismiss the case and discharge the defendant, on the ground that his case had not been brought to trial within sixty days after the filing of the information. Affidavits were filed by both sides upon the motion, which was then denied by the court, the defendant excepting. The trial then proceeded, and the defendant was found guilty of burglary in the first degree.

At the time fixed by the court for pronouncing judgment upon the verdict of the jury, the defendant moved the court in arrest of judgment upon the grounds set out in the demurrer, the motion was denied, the defendant excepted, and judgment was given against him. He has appealed from the judgment and order. From the latter no appeal lies. (*People* v. *Majors*, 65 Cal. 100; 52 Am. Rep. 295.)

As stated before, the information charges the defendant with having feloniously entered the house, room, apartment, tenement, shop, warehouse, store, and building of the San Diego and Coronado Water Company, with the intent then, there, and therein to commit larceny. As we construe this allegation, there is but one offense attempted to be charged, — the felonious entry of

some building of the San Diego and Coronado Water Company, with the intent then and there to commit larceny.

It is contended that, as the information does not state whether the San Diego and Coronado Water Company is a corporation or a partnership, and does not give the names of any persons composing the corporation or partnership, there is, in a legal sense, an entire absence of any allegation as to the party intended to be injured. The cases of *People* v. *Schwartz,* 32 Cal. 160, and *People* v. *Bogart,* 36 Cal. 245, are cited as conclusive upon this question. The first case referred to was an indictment for burning a building insured against fire, with intent to defraud an insurance company. It was there held that, in order to make the indictment fit the statute and respond directly to its requirements, it had to allege that the Phœnix Insurance Company is a corporation, if such is the fact, or that it is a partnership, if such is the fact, composed of certain individuals,—giving their names,— and alleging that the act was done with intent to injure and defraud them in their associate capacity. The other was a prosecution for grand larceny, and followed the common-law rule, in the absence of statute to the contrary, that, in cases of *larceny,* where the stolen goods were the property of partners or joint-owners, the names of all the partners or joint-owners must be stated. The case before us is one of burglary, and we think that, under the code definition of that crime, the ownership of the building entered is sufficiently designated by the language used in the information. Section 959 of the Penal Code provides that the information is sufficient, if the acts constituting the offense are stated in ordinary and concise language, without repetition, in such a manner as to enable a person of common understanding to know what is intended. There was no error in the refusal of the court to dismiss the case upon the defendant's motion, made under subdivision 2 of section 1382

of the Penal Code. There was no abuse of discretion within the rule laid down in *People* v. *Camilo*, 69 Cal. 540.

Appeal from the order dismissed, and judgment affirmed.