[No. 20585.   Department Two. — March 5, 1890.]

THE PEOPLE, RESPONDENT, v. J. G. CLINE, APPELLANT.

CRIMINAL LAW — MOTION IN ARREST OF JUDGMENT — APPEAL. — An order denying a motion in arrest of judgment is not appealable.

ID. — PLEA OF NOT GUILTY ENTERED BY COUNSEL — PRESENCE OF PRISONER — PRESUMPTION — APPEAL. — When, after due arraignment of the defendant, and the granting of time to plead at his request, a plea of not guilty is entered by his counsel on his behalf, it will be presumed on appeal, when there is nothing in the record to show the contrary, that the prisoner was present when the plea was entered.

ID. — LARCENY OF HORSE — EXPLANATION OF POSSESSION — CROSS-EXAMINATION OF DEFENDANT — FAILURE TO PRODUCE WITNESS — INSTRUCTIONS. — When a defendant accused of grand larceny, committed by stealing a horse, testifies in his own behalf, and attempts to explain his possession of the horse as having been innocently purchased from another

person named, he may be cross-examined as to his knowledge of the whereabouts of such person, and whether he had made any effort to procure his attendance to testify in corroboration of his statement. The fact that such person is not produced as a witness is a circumstance to be considered by the jury in determining the probable truth or falsity of the defendant's statement; and it is not error to refuse instructions to the effect that such fact cannot be considered as a circumstance of guilt, or that the testimony of such person, if called as a witness, would be entitled to no more weight than the defendant's, all things being equal.

ID. — EVIDENCE AS TO LARCENY OF OTHER HORSES. — Evidence offered in favor of a defendant accused of the larceny of a horse, to show that another person, from whom he claimed to have innocently purchased the horse, had stolen other horses in the same neighborhood, and about the same time, is not pertinent or material to the issue, and is properly rejected.

ID. — POSSESSION OF STOLEN PROPERTY — INSTRUCTION. — Where a defendant is accused of larceny of property found in his possession, it is proper for the court, of its own motion, to instruct the jury that "the possession, or even recent possession, of stolen property is not alone sufficient evidence to find the possessor guilty of the crime of having stolen the property, unless there is some other evidence in the case tending with this fact of possession to establish his guilt."

INSTRUCTIONS — PROVINCE OF JURY — WEIGHT OF EVIDENCE. — Instructions assuming to take from the jury the consideration of circumstances proper to be considered by them, or instructing them as to the weight of evidence, should be refused.

APPEAL from a judgment of the Superior Court of Fresno County, and from orders overruling a motion in arrest of judgment, and refusing a new trial.

The facts are stated in the opinion.

*W. D. Grady,* for Appellant.

*Attorney-General Johnson, W. D. Tupper,* and *Edward Lynch,* for Respondent.

FOOTE, C. — The defendant was tried and convicted of grand larceny. From the judgment rendered in the premises, an order overruling his motion in arrest of judgment, and an order refusing him a new trial, he appeals. The order denying the motion in arrest of judgment is not appealable. (*People* v. *Majors,* 65 Cal. 100; 52 Am. Rep. 295.)

It is claimed that the record does not disclose the fact that the defendant *personally* pleaded not guilty to the information filed against him; that for this reason it does not appear that the court below had jurisdiction to try him.

The record shows that the defendant was arraigned, and asked for further time in which to plead. A demurrer was then filed by his counsel, and overruled by the court; "whereupon W. D. Grady, of counsel for defendant, in open court, pleads not guilty of the offense charged in the information, for and on behalf of the defendant, J. G. Cline."

There is nothing, therefore, in the record which goes to show that the defendant was not present when (after due arraignment theretofore had) his counsel entered the plea of not guilty.

In *People* v. *Huff*, 72 Cal. 118, it was contended that the judgment should be reversed, because at "a view" had by the jury of the premises where the crime was committed, it did not affirmatively appear that the "sworn officer" in charge of the jury was the sheriff, "or that the place where the offense was charged to have been committed was shown to the jury by a person appointed by the court for that purpose, or that the defendant's counsel and the judge of the court were present."

But the appellate court, in refuting the argument made in that behalf, said: "The settled rule is, that error is not to be presumed, but must affirmatively appear in the record, and all omissions and uncertainties in a bill of exceptions are to be construed against the party presenting it. . . . . It will be presumed, therefore, in the absence of a showing to the contrary, that the sworn officer who accompanied the jury was the sheriff or his deputy; that the place which the jury was sent out to view was properly shown to them by a person appointed for that purpose, and that, if need be, the counsel and the judge were present."

We think it clear that in this case it must be presumed that the defendant was present when the plea of not guilty was entered for him by his counsel. He was in no worse condition than if, upon his arraignment, which was properly had, he had stood mute when the court could have ordered his plea of not guilty to be entered for him.

All the charges of the information against him were thus put in issue; he was present at the trial, and testified in his own behalf, and none of his rights suffered any prejudice by reason of the plea thus entered.

The defendant, in his effort to account as to how he honestly came by the property, had testified that he bought the horse he was alleged to have stolen from one Robles. The prosecution, on cross-examination, asked him: " Where is Robles now,— do you know?" " When did you last hear from him? " " Have you made any effort to procure his attendance? "

These questions were objected to, but the objection was overruled. We do not perceive any force in the objection. It was competent to show, as a circumstance in the case, the probability or improbability of the defendant's statement by making it evident whether or not he could have had, or expected to have had, Robles to testify in corroboration of defendant's statement. Thus some light might be shed upon the matter as to whether the defendant was telling the truth, or the contrary, about his getting the horse innocently from Robles.

It is further claimed that the court erred in not allowing the witness Strivens to state in evidence that Robles had been arrested by him for stealing *other* horses in the immediate neighborhood where the horse in controversy was stolen, and about the same time as that of the last theft, and that Robles was placed under arrest and taken to a justice's court on charge of stealing said other horses.

How the fact that Robles about the same time had

stolen other horses could affect the defendant's alleged theft of the horse here involved, or could be pertinent or material to the issues here made and tried, we cannot perceive. All the evidence of that kind which was offered to be proven by Strivens or Hensley was properly prevented by the court from going to the jury.

It is further assigned for error that the court refused this instruction, requested by the defendant, viz.: "The fact that the defendant did not produce Guadaloupe Robles as a witness is not to be considered by the jury as a circumstance of guilt."

The instruction had no application to the instance of a defendant neglecting or refusing to testify, which the statute says is not to prejudice him. (Pen. Code, sec. 1323.) The fact that Robles, from whom the defendant claimed to have bought the horse alleged to have been stolen, was not present to testify as a witness in the defendant's behalf was a circumstance which the jury could consider, as a matter of evidence, in determining the probable truth or falsity of the defendant's statement as to how he came by the horse. But the instruction, in the form asked for, virtually assumed to take away the consideration of this circumstance from the jury, in determining the guilt or innocence of the defendant, which was improper.

While it is true that the fact of Robles not being present would not prove the defendant to be guilty as charged, it was nevertheless a circumstance which the jury might consider. In addition, the language of the instruction as asked is somewhat inaccurate, and might have misled the jury. It is also claimed that the court erred in refusing this instruction: "The testimony of Robles, if he had been called as a witness to prove that he had sold the horse to the defendant, would have been entitled to no more weight than the defendant's, all other things being equal."

This was an instruction as to the weight to be attached to evidence, and was properly refused.

The court below is also complained of for granting, of its own motion, this instruction: " The possession, or even recent possession, of stolen property is not alone sufficient evidence to find the possessor guilty of the crime of having stolen the property, unless there is some other evidence in the case tending with this fact of possession to establish his guilt."

We do not perceive any impropriety in the instruction. It directed the jury that they could not convict the defendant on the evidence alone of the recent possession of the property alleged to have been stolen; that they must have some other evidence before them in addition to such possession, tending at least to show the defendant's guilt, before they could convict him of the crime charged against him. This was an instruction of caution, was in the defendant's favor, did not prejudice him in any way, and was in entire harmony with the other instruction given.

We perceive no prejudicial error in the record, and advise that the appeal from the order denying the motion in arrest of judgment be dismissed, and the judgment and order refusing a new trial be affirmed.

HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the appeal from the order denying the motion in arrest of judgment is dismissed, and the judgment and order refusing a new trial are affirmed.