[Crim. No. 882. Department One.—December 20, 1902.]

THE PEOPLE, Respondent, v. MARVIN FORD, Appellant.

CRIMINAL LAW — ROBBERY — TEMPORARY INSANITY OF DEFENDANT — ERRONEOUS INSTRUCTION—PRESUMPTION OF PREJUDICE.—Upon the trial of a defendant charged with robbery, where there is evidence upon which a theory of temporary insanity of the defendant might be plausibly urged, it is error to instruct the jury that "the laws of the state of California do not recognize transitory mania, or tem-

---

[1] 18 Am. Rep. 299.

porary insanity, as a defense to crime," and prejudice to the defendant will be presumed from such error.

ID.—APPEAL—ORDER DENYING ARREST OF JUDGMENT.—An order denying a motion in arrest of judgment is not appealable; and an attempted appeal therefrom may be disregarded.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Thomas F. Barry, and Lee D. Windrem, for Appellant.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, Joseph C. Campbell, and William H. Alford, Assistant District Attorney, for Respondent.

THE COURT.—The defendant was convicted of robbery, and appeals from the judgment and from an order denying him a new trial.

The evidence showed that the defendant, on the sixteenth day of February, 1901, in the city of San Francisco, struck a Chinaman a violent blow on the head with a short piece of iron pipe, knocked him down and took from his possession a bag containing $216 in silver, and fled from the stairway where the act was committed out through the streets to a restaurant, where he was arrested. The money was found on his person and he confessed the alleged criminal act. The facts with reference to the forcible taking of the money were not controverted by defendant upon the trial, but the sole defense made was that the defendant was insane at the time of the alleged robbery. Some time after the case was submitted to them the jury returned into court for further instructions, and in response to questions propounded by the jurors they were distinctly told by the court that " the laws of the state of California do not recognize transitory mania or temporary insanity as a defense to crime." And this statement was repeated in substance in a formal instruction then given by the court in addition to the instructions formerly given upon the subject and then reread to the jury. Temporary insanity as a defense to crime is as fully recognized by law as is per-

manent insanity.   As an attempt to lay down a rule of law the instruction was unquestionably unsound.   The prejudicial error of the instruction is not obviated by the fact that the court gave the jury other instructions on the subject which standing alone may have been free from error; for coming as this instruction did the jury might well have regarded it as qualifying all the other instructions.   They asked for the law on one particular pertinent point and failed to get it; and as there was evidence upon which a theory of temporary insanity might have been plausibly urged, prejudice to the defendant will be presumed from the error committed.

It is also contended that it was error for the court to give the instruction in substance cautioning the jury as to the defense of insanity, "lest an ingenious counterfeit of this mental infirmity shall furnish immunity to guilt."   In view of the comments by this court on a similar instruction in the recent case of *People* v. *Methever,* 132 Cal. 326, this instruction will probably not be given upon a new trial of the case.   It will therefore be needless to further notice it here.

We fail to see any other error in the record which might justify a reversal.

The attempted appeal from an order denying the motion in arrest of judgment is not authorized by law, and may therefore be disregarded.   (*People* v. *Sansome,* 98 Cal. 235.)

For the error pointed out the judgment and order denying a new trial are reversed.