[Crim. No. 336.  First Appellate District.—October 20, 1911.]

## THE PEOPLE, Respondent, v. FRANCIS H. ROBINSON, Appellant.

CRIMINAL LAW—CONVICTION OF EMBEZZLEMENT—ORDER DENYING MOTION IN ARREST OF JUDGMENT NOT REVIEWABLE.—No appeal lies
in a criminal case from an order denying a motion in arrest of
judgment; and upon an appeal from an order denying to the
defendant a new trial after a conviction of embezzlement, and
also an appeal from an order denying the motion of the defendant
in arrest of judgment, the latter appeal cannot be considered.

ID.—REVIEW OF ORDER DENYING NEW TRIAL—ABSENCE OF PRESCRIBED
METHOD—FORM USED UPON APPEAL FROM JUDGMENT.—The code
grants to a defendant in every criminal case an appeal from an
order denying a new trial after judgment of conviction, although
nowhere in the codes nor in the rules of the court is there to be
found a prescribed procedure for the perfecting of such appeal.
Yet where the record on such appeal is in the form prescribed by
statute upon appeal from a judgment of final conviction, and shows
in full the proceedings and evidence in the lower court, up to and
including the hearing of the motion for a new trial, it is held the
duty of the appellate court to resort to that record and determine
the appeal upon its merits.

17 Cal. App.—18

Id.—General Rule as to Absence of Prescribed Method of Appeal
—Inherent Power of Appellate Court.—Where a court has been
by the constitution invested with appellate jurisdiction in a par-
ticular class of cases, that court has inherent power in the exercise
of its jurisdiction, and for the purpose of bringing before it a
cause in which an appeal has been granted, to adopt any appro-
priate and approved mode of procedure which may have been
employed by an aggrieved party in the perfecting of his appeal,
even though the legislature and the rules of this court have failed
to prescribe the means or method of taking such an appeal.

Id. — Venue of Offense of Embezzlement — Refusal to Return
Money Intrusted upon Demand.—Where the complaining witness
upon a charge of embezzlement testified that the embezzled money
was intrusted to the defendant to be returned upon demand, and
testified to a demand in the city and county of San Francisco, the
place of the venue, and the refusal of the defendant to comply
with the same, such demand and refusal, with the evidence of the
circumstances surrounding the same, were sufficient proof of the
venue of the offense in such city and county.

Id.—Prior Demand in Los Angeles—Question for Jury—Conclu-
sive Verdict.—Though there was some evidence of a prior demand
by the complaining witness in Los Angeles, such demand does not
necessarily fix the venue of the action in that city. It was for the
jury to determine where the specific and unqualified demand and
refusal of the defendant took place; and it is held that the evi-
dence upon the whole case was sufficient to warrant the finding of
the jury implied from the verdict that the only demand and refusal
occurred at the city and county of San Francisco, even if there
was conflicting evidence upon that subject. The verdict of the
jury thereupon is conclusive.

APPEAL from orders of the Superior Court of the City
and County of San Francisco denying a new trial, and deny-
ing a motion in arrest of judgment. Geo. H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Thos. A. Keogh, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones,
Deputy Attorney General, for Respondent.

LENNON, P. J.—The defendant was convicted of the
crime of embezzlement. He has appealed only from the

order of the lower court refusing him a new trial and denying his motion in arrest of judgment.

The attorney general, upon behalf of the people, has interposed a preliminary motion to dismiss the appeal upon the grounds (1) that an order denying a motion in arrest of judgment is not appealable; (2) that there is no statutory procedure provided for the presentation to this court of an appeal from an order denying a motion for a new trial in a criminal case, and, therefore, if such an order can be reviewed at all, it must come here upon an appeal from the judgment.

It is clear that no appeal lies in a criminal case from an order denying a motion in arrest of judgment, and, therefore, the appeal in this case, in so far as it relates to the order denying defendant's motion in arrest of judgment, cannot be considered. (*People* v. *Markham,* 64 Cal. 157, [49 Am. Rep. 700, 30 Pac. 620]; *People* v. *Majors,* 65 Cal. 100, [3 Pac. 401]; *People* v. *Henry,* 77 Cal. 446, [19 Pac. 830]; *People* v. *Cline,* 83 Cal. 374, [23 Pac. 391]; *People* v. *Dolan,* 96 Cal. 315, [31 Pac. 107]; *People* v. *Sansome,* 98 Cal. 241, [33 Pac. 202]; *People* v. *Ford,* 138 Cal. 140, [70 Pac. 1075]; *People* v. *Jackson,* 138 Cal. 463, [71 Pac. 566].)

It is true that nowhere in the codes, or the rules which govern this court, is there to be found a prescribed procedure for perfecting an appeal to this court from an order denying a motion for a new trial in a criminal case. The code, however, does grant to a defendant in every criminal case an appeal from such an order (Pen. Code, sec. 1237); and it may now be considered the settled law of this state that where a court has been by the constitution invested with appellate jurisdiction in a particular class of cases, that court has inherent power in the exercise of its jurisdiction, and for the purpose of bringing before it a cause in which an appeal has been granted and taken, to adopt any appropriate and approved mode of procedure which may have been employed by an aggrieved party in the perfecting of his appeal, even though the legislature and the rules of this court have failed to prescribe the means or method of taking such an appeal. (Code Civ. Proc., sec. 187; *People* v. *Jordan,* 65 Cal. 644, [4 Pac. 683]; *Cummings* v. *Conlan,* 66 Cal. 413, [5 Pac. 796,

903] ; *Somers* v. *Somers,* 81 Cal. 616, [22 Pac. 967] ; *In re Jessup,* 81 Cal. 479, [22 Pac. 742, 1028, 6 L. R. A. 594].)

The record before us upon the defendant's appeal from the order denying his motion for a new trial is in the form prescribed by the statute for use upon an appeal from a judgment of final conviction; and as it purports to show in full the proceedings and evidence had and taken in the lower court up to and including the hearing and determination of the motion for a new trial, we deem it our duty to resort to that record and dispose of the appeal upon its merits.

In support of his appeal the defendant relies mainly upon the claim that the evidence shows that the offense of which he was convicted was wholly committed in a county other than that in which the information against him was filed.

The information upon which the defendant was tried and convicted charged, in substance, that on the seventeenth day of May, 1910, the defendant, in the city and county of San Francisco, embezzled the sum of $500, which had been intrusted to him as the agent of one Esther Hoover.

The evidence in the case shows that at several different places and times the defendant was intrusted by the complaining witness with large sums of money, among which was the $500 mentioned in the information. The complaining witness testified that this money was to be returned to her by defendant upon demand. The case was tried apparently upon the theory that a demand upon the defendant for the return of the money was necessary before he could be charged with the crime of embezzlement, and the people depended for a conviction solely upon proof of a demand made in the city and county of San Francisco and the refusal of the defendant to comply with the same. Such demand was made upon the defendant for the return of the money at the Von Dorn Hotel in the city of San Francisco sometime during the month of April, 1910. The defendant then refused, and ever since has refused, to return or account for the money.

This demand, coupled with the refusal of the defendant to comply therewith, and all of the circumstances surrounding the demand and refusal, were sufficient evidence of the fraud-

ulent appropriation by the defendant of the property which had been intrusted to him.

It is the contention of the defendant that a previous positive and unqualified demand for the return of the money had been made upon him by the complaining witness in Los Angeles county, and that by reason of his failure to comply with that demand the crime charged against him was then and there consummated, and that therefore the venue of the offense was in the county of Los Angeles and not in the city and county of San Francisco.

The record does not sustain the defendant's contention in this regard. It nowhere clearly appears in evidence that the complaining witness made a positive and unequivocal demand upon the defendant in the city of Los Angeles for the return of the money. The testimony referred to in support of the defendant's contention shows that sometime in the month of January, 1908, the plaintiff and defendant, at the city of Los Angeles, had a general conversation concerning the status of the money; but it cannot be fairly said that the sum and substance of this conversation constituted an unequivocal demand for the return of the money, which was met by a positive refusal, and thereby evidenced the commission and completion of the crime at that precise time and place. That the defendant himself did not consider or construe this conversation to be in the nature of a full and final demand is best shown by his own testimony upon cross-examination, where he said, ''I don't know whether it was a demand, but [she] requested me to send this money to her father. . . . This was the point: she wanted me to send it, and I said, 'You will have to send to Salt Lake City and get the drafts and send them back.' . . . She requested me to send her father the money.''

The evidence upon the whole case is sufficient to warrant the finding of the jury, implied from the verdict, that the only demand and refusal occurred at the city and county of San Francisco; and even if the testimony of the complaining witness as to what occurred at Los Angeles could be construed as a complete unqualified demand and refusal, this would do no more than create a conflict of evidence upon the point involved. The question as to when and where a defi-

nite and final demand was made was exclusively for the jury to determine. They were fully and fairly instructed upon that phase of the case; and as there is some evidence in the case which tends to support the verdict upon the point of proof here challenged, the verdict is conclusive and must stand.

There is no merit in the suggestion made in the closing brief of the defendant that the evidence does not show that the defendant was in fact the agent of the complaining witness.

The order appealed from is affirmed.

Hall, J., and Kerrigan, J., concurred.