[Crim. No. 1216. Second Appellate District, Division Two.—October 24, 1925.]

## THE PEOPLE, Respondent, v. ALEXANDER McDOUGAL, Appellant.

[1] CRIMINAL LAW—APPEAL—APPLICATION REQUIRED BY SECTION 1247, PENAL CODE—DISMISSAL.—A motion to dismiss an appeal upon the ground that the application required by section 1247 of the Penal Code had not been filed will be denied where, although the record did not at first contain such application, it is subsequently filed and added to the record on appeal.

[2] ID.—ORDER DENYING MOTION FOR NEW TRIAL—APPEAL.—An appeal may be taken from an order denying a defendant's motion for a new trial.

[3] JUVENILE COURT ACT—PURPOSES OF ACT—DELINQUENCY OF MINORS. The purpose of the Juvenile Court Act (Stats. 1915, p. 1225), is to make criminal the commission of any act tending to cause minors to become dependent or delinquent, and to protect and safeguard children from those influences which would manifestly incline them toward entering a state of dependency or delinquency.

---

2. See 8 Cal. Jur. 518.
3. See 14 Cal. Jur. 137.

[4] ID.—ACTS TENDING TO PRODUCE DELINQUENCY — EVIDENCE. — All men owe a definite duty to refrain from interfering with other people's children in any manner calculated to take such children from their parents' control, and which tends to lead them into immoral habits of thought or action; and in a prosecution for contributing to the delinquency of a female minor child, evidence showing that the defendant accosted the child on the street, invited her to his room in a hotel, and later met the child and attempted to take her to his room through a dark alley, offering her gifts of candy and money as an inducement, might be considered by the jury as in itself suggestive of such improprieties as would tend to reduce the moral standards of the child, and encourage her to enter upon a course of conduct manifestly tending to induce her to become a delinquent person.

[5] ID. — PRESUMPTION OF INNOCENCE — INFERENCES — JURIES AND JURORS.—Where two conclusions may reasonably be drawn concerning the defendant's conduct, one assigning a guilty and the other an innocent purpose thereto, it is the law that innocence will be presumed, rather than guilt; but to give due weight to the presumption of innocence does not require that jurors blind their eyes and shackle their reason in viewing the evidence and in judging the defendant's intentions.

[6] ID.—REVIEW OF EVIDENCE—APPEAL.—Upon appeal from a judgment of conviction in a prosecution for contributing to the delinquency of a minor, the appellate court may consider the objection that the proof does not sustain the verdict of guilty, where the defendant objected to the introduction of any evidence before the same was admitted, upon the ground that the information did not charge a public offense.

[7] ID.—CHARACTER OF MINOR—EFFECT OF DEFENDANT'S ACTS—QUESTION FOR JURY.—In such prosecution, facts shown in evidence from which it might be concluded that the minor child was of so high character that she probably was not injuriously affected by her experience with defendant and that she immediately informed others of the defendant's proposal and seems to have willingly assisted in defendant's apprehension, were facts proper for the consideration of the jury, as well as those tending to establish the defendant's guilt, but it cannot be said by a reviewing court that as a matter of law a child of unquestioned character may not be the subject of criminal act of contributing to her delinquency under section 21 of the Juvenile Court Act.

---

5.  See 14 Cal. Jur. 156.
7.  See 14 Cal. Jur. 156.

[8] Id.—Pleading—Sufficiency of Information.—In such prosecution, the information which in substance charged that the defendant accosted the minor, a girl twelve years of age, on the public streets and in conversation with her suggested that she visit his room in a hotel, promising to give her candy and a sum of money if she did so, and thereafter, on the same day, pursuant to said conversation, met the minor on the public street and proceeded with her along an unlighted alley in the direction of the hotel and attempted to take her to his room, stated facts sufficient to constitute a public offense within the meaning of section 21 of the Juvenile Court Act.

[9] Id. — Pleading — Intent. — In such prosecution, the information sufficiently charges the defendant with contributing to the dependency and delinquency of the minor child named therein, in so far as meeting the requirements that the acts he is charged to have committed were done wilfully, unlawfully and feloniously, and it is not necessary to repeat the words wilfully, unlawfully and feloniously in connection with each averment of the acts detailed as making up the charge contained in the information alleged to have been so committed.

[10] Id.—Sufficiency of Evidence.—In such prosecution, the evidence produced by the prosecution fully sustained each allegation of fact, and it follows from the verdict of guilty that the jury believed that defendant's conduct toward the child at least manifestly tended to cause her to lead a dissolute, lewd, and immoral life, and the appellate court cannot say as a matter of law that they were wrong.

---

(1) 17 C. J., p. 194, n. 3 New.    (2) 17 C. J., p. 35, n. 55.    (3) 31 C. J., p. 996, n. 22.    (4) 31 C. J., p. 1000, n. 86.    (5) 16 C. J., p. 764, n. 54.    (6) 17 C. J., p. 71, n. 46 New.    (7) 31 C. J., p. 999, n. 83, p. 1000, n. 86.    (8) 31 C. J., p. 999, n. 82.    (9) 31 C. J., p. 701, n. 34.    (10) 31 C. J., p. 1000, n. 84.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. Charles L. Allison, Judge. Affirmed.

The facts are stated in the opinion of the court.

Mulligan & Rysek for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

---

8.   See 14 Cal. Jur. 160.

CRAIG, J.—The defendant was charged ·with contributing to the delinquency of a minor child; before any evidence was introduced defendant's counsel objected to its introduction on the ground that the information did not charge a public offense; the objection was overruled, a trial was had, and a verdict of conviction was rendered; motion for new trial·was made, and denied. At the time fixed for pronouncing judgment and sentence the trial court made an order that the defendant be placed upon probation. The appeal purports to be from the order denying the motion for new trial, as well as from the judgment. [1] the attorney-general moved to dismiss the appeal upon two grounds, the first of which was that the application required by section 1247 of the Penal Code had not been filed. The record did not at first contain this application, but it appears that it has since been filed, and has been added to the record on appeal, so that no further mention need be made of this point.

The second contention of the People as a basis for the motion is that it does not appear from the record that the defendant appeals from the final judgment of conviction and sentence. It is not clear whether or not this claim has been abandoned; at any rate it is untenable. [2] An order denying a defendant's motion for new trial is one from which an appeal may be taken. (*People* v. *Robinson,* 17 Cal. App. 273 [119 Pac. 527]; *People* v. *Hartman,* 23 Cal. App. 72 [137 Pac. 611].)

We now proceed to consider the merits of the appeal. The principal grounds urged by appellant are that the information does not state facts sufficient to constitute a public offense, and that the evidence does not show that the defendant committed any crime. The acts charged to have been committed and alleged to constitute an offense of which the defendant was convicted are that he "did on the 28th day of September, 1924, . . . wilfully, unlawfully and feloniously contribute to the delinquency and dependency of (a child twelve years of age) by then and there wilfully and unlawfully accosting (her) on the public streets of the city of Ontario and by then and there engaging her in conversation and by then and there suggesting that the said (minor) visit the room of said Alexander McDougal in a hotel, and the said Alexander McDougal then and there

promised the said (minor) that if she would visit him in his room at his hotel he would give her candy and would give her $5.00 in money, and did thereafter on the same day, pursuant to said conversation, meet the said (minor) on said public streets of the city of Ontario, and did proceed with the said (minor) along the said public streets and along an unlighted alley in the direction of the room occupied by the defendant in a hotel in the city of Ontario, and did then and there attempt to take the said (minor) to his said room, as aforesaid. All of which acts would manifestly cause the said (minor) to become a delinquent and dependent child and would have a tendency to cause the said (minor) to lead a dissolute, lewd and immoral life." Section 21 of the Juvenile Court Law (Stats. 1915, p. 1225) provides:

"Any person who shall commit any act or omit the performance of any duty, which act or omission causes or tends to cause or encourage any person under the age of twenty one years to come within the provisions of any of subdivisions one to thirteen inclusive of section one of this act, or which act or omission contributes thereto, or any person who shall, by any act or omission or by threats or commands or persuasion, induce or endeavor to induce any such person under the age of twenty one years, to do or to perform any act or to follow any course of conduct, or to so live as would cause or manifestly tend to cause any such person to become or to remain a person coming within the provisions of any of subdivisions one to thirteen inclusive of section one of this act, shall be guilty of a misdemeanor."

Subdivision 11 of section 1 of the act designates as within its provisions any person under the age of twenty-one years, "who is leading, or from any cause is in danger of leading, an idle, dissolute, lewd or immoral life."

[3] The purpose of this statute is to make criminal the commission of any act tending to cause minors to become dependent or delinquent. It is intended to protect and safeguard children from those influences which would manifestly incline them toward entering a state of dependency or delinquency. *People* v. *Bergotini,* 172 Cal. 717 [158 Pac. 198], is strongly relied upon by appellant. In that case, the defendant was charged with inducing the mother of certain children to live an immoral life and otherwise

to misconduct herself. The weakness of the information was held to be that there was nothing to indicate that the pursuit of this wrongful course by her affected the children in that way, but, on the contrary, it affirmatively appeared from other allegations of the information that before the defendant's baneful influence was exercised upon the mother, the children had no parental control, and the home in which they lived was a place of depravity. There was nothing in the pleading or proof to show how Bergotini's influence affected the children or that it did affect them. There was an utter lack of showing that his action operated directly upon the minors. The same situation existed in *People* v. *DeLeon*, 35 Cal. App. 467 [170 Pac. 173]. But, as distinguished from these cases, whatever the defendant McDougal is charged with having done operated directly against the young girl. Here the question is primarily one of fact. In so far as determining whether or not the information states a public offense, it is just this: Would the defendant's conduct toward her cause or manifestly tend to cause her to become a delinquent child? [4] For a man to accost a young girl and invite her to his room in a hotel might be considered by a jury as in itself suggestive of such improprieties as would tend to reduce the moral standards of the child, and encourage her to enter upon a course of conduct manifestly tending to induce her to become a delinquent person. If such advances are reasonably susceptible of this interpretation, the later clandestine meeting with the child and attempt to take her through a dark alley to the man's room in a hotel alleged in the information would clearly and in a more marked degree tend to produce the same evil result. The facts pleaded were such that the jurors would have a right to judge this defendant's conduct in the light of human experience. They would be entitled as jurors, as well as men, to recognize the fact that it would be rare indeed that a man would seek by gifts of candy and money to induce a girl to go to his room for purposes of purity and with good intentions. It was well said in *People* v. *Baker*, 38 Cal. App. 28 [175 Pac. 88], that "it might very properly be said that a definite duty is owed by all persons to abstain from doing any act having a tendency to cause a minor to become a delinquent or dependent." A man of the defendant's age, and, for that

matter, all men, owe a definite duty to refrain from interfering with other people's children in any manner calculated to take such children from their parents' control, and which tends to lead them into immoral habits of thought or action. [5] It is true, as suggested by appellant, that where two conclusions may reasonably be drawn concerning the defendant's conduct, one assigning a guilty and the other an innocent purpose thereto, it is the law that innocence will be presumed, rather than guilt. But to give due weight to the presumption of innocence does not require that jurors blind their eyes and shackle their reason in viewing the evidence and in judging the defendant's intentions. The defendant's advances toward this little girl as pleaded in the information were not as consistent with innocence as with guilt. Likewise, it was fairly within the province of the jury to believe that the proposal and acts of the defendant as alleged in the information would and did suggest to the child the wicked purposes existing in the man's heart. It follows that this course of conduct upon his part might reasonably be believed to have manifestly tended to cause the child so mistreated to become a delinquent person, as defined in section 1, subdivision 11, of the Juvenile Court Law.

[6] It is urged that the proof does not sustain the verdict of guilty. We are authorized to consider this point inasmuch as the defendant's counsel objected to the introduction of any evidence before the same was admitted, upon the ground that the information did not charge a public offense. [7] There are facts shown in evidence from which we might conclude that this minor child was of so high character that she probably was not injuriously affected by her experience with the defendant. She immediately informed others of the defendant's proposal, particularly her parents, and she seems to have willingly assisted in the defendant's apprehension. These were facts proper for the consideration of the jury, as well as those tending to establish the defendant's guilt, but surely it cannot be said by a reviewing court that as a matter of law a child of unquestioned character may not be the subject of criminal act under the inhibition of the statutory provisions here involved. It is important to bear in mind, in this type of case, perhaps more than the ordinary, that the

jury alone have an opportunity to observe and thus form a reasonable opinion upon the important element of the appearance of the man, and of the child, and their conduct as witnesses. It cannot be declared that because this child was of high character the defendant's conduct could not reasonably have tended to cause her delinquency, when the same conduct toward another child not so pure-minded would manifestly have had that result. Of course, it is fair to presume that to a child of chaste character and unsullied mind acts and speech grossly immoral in their nature would be repulsive in the extreme. Such a child might so loathe the suggestion of lewdness as to cling even more firmly than before to her high standards and chaste life. Yet, it is inconceivable that anyone would advance the argument that immoral acts performed in the presence of or attempted against the most pure-minded minor would not constitute an offense denounced by the provisions of the law above quoted as manifestly tending to cause even that type of child to lead a "dissolute, lewd and immoral life." Unquestionably these matters are entirely within the province of the jury, and it is equally clear that, being matters of fact, they constitute a realm in which an appellate court has no right to act as long as the record contains facts which the jury might reasonably view in such a light as to establish the defendant's guilt.

[8] We conclude that there is no merit in the contention that the information failed to charge a public offense upon the grounds discussed. If the facts pleaded would permit of the construction above indicated, it cannot be said as a matter of law that the facts alleged in the information do not constitute a public offense. [9] The information sufficiently charges the defendant with contributing to the dependency and delinquency of the minor child named therein, in so far as meeting the requirements that the acts he is charged to have committed were done wilfully, unlawfully and feloniously; for it is not necessary that these words "wilfully, unlawfully, and feloniously" be repeated in connection with each averment of the acts detailed and enumerated as making up the charge contained in the information, and which was alleged to have been committed "wilfully, unlawfully, and feloniously."

**[10]** The evidence produced by the prosecution fully sustained each allegation of fact. It follows from the verdict of guilty that the jury believed that McDougal's conduct toward the child at least manifestly tended to cause her to lead a dissolute, lewd and immoral life. We cannot say as a matter of law that they were wrong.

The motion to dismiss the appeal from the purported judgment is granted, the motion to dismiss the appeal from the order denying motion for new trial is denied. The order denying motion for new trial is affirmed.

Finlayson, P. J., and Works, J., concurred.