PEOPLE, PLAINTIFF AND APPELLEE, *v.* NIGAGLIONI, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution
for Violation of the Internal Revenue Law.

No. 1484.—Decided March 29, 1920.

SPEEDY TRIAL—JUST CAUSE—CONTINUANCE.—All the circumstances attending this
case and stated in the opinion having been examined, it was held that there
was a just cause for not bringing the case to trial within the one hundred
and twenty days fixed by law.

The facts, are stated in the opinion.

Mr. L. Torres Grau for the appellant.

Mr. J. E. Figueras, Fiscal, for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The complaint which is the basis of this prosecution was
made in the Municipal Court of Yauco, P. R. The defend-
ant was convicted and appealed to the District Court of
Ponce. The record was filed in the appellate court on July
9, 1919, and on December 12, 1919, the defendant moved for
dismissal on the ground that he had not been tried within
the 120 days fixed by section 448 of the Code of Criminal
Procedure.

The court overruled the motion for dismissal, holding
that although it was true that more than 120 days had elapsed
since the 9th of July, there had been good cause for not
bringing the case to trial, to wit: That on July 10 the court
began to hold jury trials which ended on the 29th of the same
month; that during the months of August and September the
court was in vacation according to law, and that on opening
the term in October the court commenced by hearing the civil
cases submitted to it and was engaged until the beginning of
the criminal term in December when the turn of this case
was reached.

In our judgement, taking together all of the circumstances
attending this case, it is necessary to admit the actual exist-
ence of the good cause which the law and jurisprudence re-

quire. See *People* v. *Díaz,* 5 P. R. R. (2d ed.) 197; *People* v. *Henry,* 77 Cal. 445; *People* v. *Camilo,* 69 Cal. 540.

The single fact that the court was in vacation would not have been sufficient of itself. The time that the district courts are in vacation, although such vacations may be authorized by law, can not be deducted from the time fixed by the law itself for the trial of criminal cases, thus limiting the right which all citizens of this Island have to a speedy trial. Neither would the hearing of civil cases have been sufficient of itself. If the court had been entirely engaged in trying other criminal cases, that alone would have been sufficient.

We repeat that it is the concurrence of all the circumstances attending this case that leads us to hold that there was a good cause for the delay. We agree that our district courts, and particularly some of them, in exercising their original and appellate jurisdiction in civil as well as in criminal cases, are kept very busy, but the judges should so arrange their terms that criminal cases may be tried within the four months fixed by law. If in doing so criminal cases must be given preference, such preference will be justified.

The motion for dismissal having been overruled, the defendant pleaded guilty of a violation of the Internal Revenue Law as charged in the complaint and the court sentenced him to pay a fine of $100, or to one day's imprisonment for each dollar not paid, the imprisonment not to exceed thirty days.

In the brief which the *fiscal* filed in this court he asks that the judgment appealed from be modified so as to conform to the Act of April 8, 1916, amending section 54 of the Code of Criminal Procedure, by substituting for the words "the imprisonment not to exceed thirty days" the words "the imprisonment not to exceed ninety days."

For the reasons stated in the case of *People* v. *Nicot,* just decided, we do not feel inclined to pass on the question raised by the *fiscal.*

The appellant limits his brief to discussing the question

of dismissal of which we have already disposed, and, having examined the complaint and the law applicable without finding that any error has been committed, we hold that the judgment of conviction must be ·

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.