[Civ. No. 11470. Second Appellate District, Division One.—July 15, 1938.]

WILLIAM M. COLEMAN, Appellant, v. CALIFORNIA YEARLY MEETING OF FRIENDS CHURCH (a Corporation), Respondent.

Charles T. Woodbury and William C. Jensen for Appellant.

Gerald C. Kepple and Thomas W. Bewley for Respondent.

WHITE, J.—This is an appeal by plaintiff from a judgment entered in favor of the defendant after an order granting its motion for a nonsuit. Defendant is a corporation organized for religious purposes, and holds title to real property for the benefit of various congregations or branches, designated as "meetings", of the Friends Church, commonly known as Quakers. One of these congregations or meetings, located at Inglewood in Los Angeles County, determined upon the erection of a new meetinghouse. The pastor of the Inglewood church made an appeal to the members of the meeting to volunteer their services in building the new meetinghouse. The plaintiff, though not a member of the Inglewood meeting, had been attending Sunday services, and responding to the aforesaid appeal by the pastor, he volunteered to contribute his work as a carpenter on the new meetinghouse. As he was so working on August 20, 1934, he stepped out on a ceiling joist which broke under his weight, and he fell to the floor below, sustaining injuries to his right ankle and leg. At the time of the injury plaintiff was regularly and gainfully employed by the National Supply Company, and was only working on the meetinghouse during the time when he was not engaged at his regular employment. For his services in connection with the erection of the meetinghouse plaintiff received no com-

pensation in the way of money or other thing of material value.

The briefs of the respective parties are devoted in their entirety to the question of the status occupied by appellants in performing the services in connection with the building of the meetinghouse, it being contended by appellant that he was either an employee or an invitee; while respondent urges that he was neither an employee nor an invitee, but a volunteer; but that if he was an employee, jurisdiction to compensate him for injuries sustained was vested solely in the Industrial Accident Commission under the workmen's compensation and employers' liability law (Stats. 1917, p. 831.) Respondent further contends that in the event the evidence does not show that its workmen's compensation and employers' liability insurance policy covered the particular employment upon which appellant was engaged, and that he was an employee, that he was guilty of negligence which proximately contributed to the injuries he sustained, while it is claimed that respondent was free from negligence.

■ None of the foregoing contentions are determinative of the issues presented herein. The testimony adduced at the trial clearly showed that this church was being erected with labor contributed by members of the congregation or attendants at church services, and was to be used by them in the performance of their spiritual duties and obligations as well as for recreational and social activities incident thereto. As to plaintiff, the pastor, and the other members of the meeting or congregation who donated their labor, this project was, within the meaning of the law of negligence, a joint enterprise, because there was present here a community of interest in the objects or purposes of the undertaking. There was also equality of right to direct and govern the movements and conduct of each other with reference thereto—that is to say, while appellant could not supervise the conduct of anyone else interested in the construction of the church, neither did those others have authority to direct appellant, either as to the time when he would come to work, how long he would work, the quantity of work he should do, or the time when he should quit work. While it is true appellant did not have the power to bind the joint enterprise, nor to take part in the management of the same,

yet in a joint venture one or more of the partners oftentimes does not have those usual powers of a general partner.

 This action sounds in tort, and a tort in contemplation of law consists in a violation of a duty imposed by general law or otherwise upon all persons occupying the relation to each other which is involved in a given transaction. (*Hallidie* v. *Enginger*, 175 Cal. 505 [166 Pac. 1].) The evidence in this case plainly indicates that the plaintiff seeks to recover because defendant neglected to do something which it ought to have done, whereby plaintiff suffered injury. In order to constitute an actionable tort, there must be a legal duty—imposed by statute or otherwise—owing by the defendant to the one injured, for in the absence of such a duty any damage caused is injury without wrong—*damnum absque injuria*. (*Wilson* v. *Union Iron Works Drydock Co.*, 167 Cal. 539 [140 Pac. 250] ; *Mernin* v. *Cory*, 145 Cal. 573 [79 Pac. 174] ; *Smith* v. *Whittier*, 95 Cal. 279 [30 Pac. 529] ; *People* v. *Schmitz*, 7 Cal. App. 330, 370 [94 Pac. 407, 15 L. R. A. (N. S.) 717].) A reading of the evidence in this case does not indicate the existence of any such duty on the part of respondent to appellant. In view of the relation existing between the parties here, coupled with the circumstances surrounding the accident, where appellant and respondent were engaged in a joint enterprise, and appellant was injured while performing an act in furtherance of their joint venture, we are unable to perceive the existence of any duty reposing upon respondent the violation of which resulted in injury to appellant. In order to constitute actionable negligence, there must exist three essential elements—namely, a duty or obligation which the defendant is under to protect the plaintiff from injury ; a failure to discharge that duty ; and injury resulting from the failure. And the evidence must support them, while the absence of proof of any one of them is fatal to recovery. (*Means* v. *Southern Cal. Ry. Co.*, 144 Cal. 473, 478 [77 Pac. 1001, 1 Ann. Cas. 206].) The evidence introduced at the trial does not meet all these essential requirements, but, on the contrary, shows an entire absence of any duty resting upon respondent toward appellant with reference to the latter's safety in the manner of his doing the things which resulted in the accident and injury ; and hence we find the absence of one of the essen-

tial requirements to a recovery under the rule of law referred to. A nonsuit should have been granted.

Judgment affirmed.

York, P. J., and Doran, J., concurred.