[Crim. No. 5639.   Second Dist., Div. One.   Oct. 29, 1956.]

THE PEOPLE, Respondent, v. DOROTHY MILLER et al., Defendants; NEAL COLLINS, Appellant.

Samuel C. McMorris for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an information filed by the district attorney of Los Angeles County, appellant was charged in Count I with the offense of contributing to the delinquency of a minor, a misdemeanor (Welf. & Inst. Code, § 702), committed on or about June 15, 1955, in that he used and occupied a bed with Dorothy Miller, not being married to her, in the presence of Peggy Dee Miller, a minor person of

the age of 12 years, and committed acts which would tend to cause the minor to lead an idle, dissolute, lewd and immoral life, and which did cause and tend to cause the minor to become and to remain a person within the provisions of section 700, Welfare and Institutions Code of the State of California. He was charged in Count II with the crime of contributing to the delinquency of a minor on or about July 10, 1955 in the same manner as in Count I. Appellant pleaded not guilty and trial by jury was duly waived. Pursuant to stipulation, the People's case was submitted on the transcript of the preliminary examination. The minor, Peggy Dee Miller, gave further testimony and appellant testified in his own behalf. The court adjudged him not guilty of the offense charged in Count I, and guilty as charged in Count II. Motion for a new trial was denied. Appellant was sentenced to serve a term of one year in the county jail. Execution of sentence was suspended and he was granted conditional probation. From the judgment (Pen. Code, § 1237, subd. 1) and the order denying his motion for a new trial, appellant prosecutes this appeal.

With reference to the factual background surrounding this prosecution we regard the following as a fair epitome:

During the months of June and July, 1955, the prosecutrix, Peggy Dee Miller (aged 12), her mother, Dorothy Miller, and the appellant occupied a five-room apartment on Raymond Avenue in Los Angeles. Appellant and Mrs. Miller were not married to each other. The bedroom was connected to the living room by a very large door, one section of which was always open. There was a large bed in the bedroom and a couch in the living room. At least a portion of the couch was visible looking through the door from a vantage point on the bed. Sometimes Peggy slept on the couch and her mother and appellant in the bed, and other times she slept in the bed and they on the couch.

One night, around July 10, 1955, it was decided that Peggy could have the bed. It was late and she was tired so appellant and her mother told her that they would wake her and put her on the couch when they finished watching television. Sometime later she awakened, heard a noise in the living room, sat up in bed, "scooted down in the bed," and peered into the living room. The room was illuminated by a small red light and she observed appellant and her mother engaged in an act of sexual intercourse. As a witness in his own behalf appellant testified he had known the prose-

cutrix and her mother for approximately four years; that during the aforesaid months of June and July he frequently stayed all night at the Miller abode. He testified that he would sleep on the couch on these occasions and that he never slept with Mrs. Miller. He denied having sexual relations with Mrs. Miller during this time. He admitted having had intercourse with her during the year prior to June at his establishment but denied ever having occupied a bed with her or having sexual relations with her in the presence of the latter's daughter.

According to appellant's description of the Miller apartment a person occupying the bed could not see the couch in the living room unless he "stood up and walked."

Appellant asserted that he had developed a paternal attitude towards Peggy and was concerned about the fact that she was keeping company with an older man. He had several "discussions" with Peggy on the subject and told her on one occasion that he might call the authorities if she did not discontinue the relationship and get back to school. Peggy denied that such a threat was made.

Appellant testified further that Peggy called him about two weeks before the trial to ask for some belongings. He asked her why she had made the accusation and she told him that Juvenile Officer Kay Sheldon was "responsible for all the activity."

As his first ground for reversal appellant attacks the constitutionality of section 702 of the Welfare and Institutions Code, contending that the statute is too vague and consequently invalid under the due process clause of the 14th Amendment to the Constitution of the United States. This contention is unavailing because it has heretofore been decided adversely to appellant by the courts of this state (*People* v. *Deibert*, 117 Cal.App.2d 410, 417-420 [256 P.2d 355]).

Appellant's next contention is that the facts alleged in the information and proved at the trial do not constitute a public offense. He insists that his conduct, as herein narrated, does not tend to corrupt the morals of a minor. That "under California law, the statute (Welf. & Inst. Code, § 702) is to be construed as only such acts or omissions as relate directly to the minor." In other words, that the minor must be a participant in the act in question before it can be said that the latter is directly affected thereby. We are not in accord with appellant's reasoning in this regard. Section 702 of the Welfare and Institutions Code provides, in part, that "Any

person who commits any act or omits the performance of any duty, which act or omission causes or tends to cause or encourage any person under the age of 21 years to come within the provisions of any of the subdivisions of Section 700 or which act or omission contributes thereto, or any person who, by any act or omission, or by threats, commands, or persuasion, induces or endeavors to induce any person or ward of the juvenile court under the age of 21 years to fail or refuse to conform to a lawful order of the juvenile court, or to do or to perform any act or to follow any course of conduct or to so live as would cause or manifestly tend to cause any such person to become or to remain a person within the provisions of any of the subdivisions of section 700, is guilty of a misdemeanor. . . .''

Among the persons under 21 years of age enumerated in section 700 as being within the jurisdiction of the juvenile court is any person who is leading, or from any cause is in danger of leading, an idle, dissolute, lewd or immoral life. (Welf. & Inst. Code, § 700, subd. (k).)

The main purpose of Welfare and Institutions Code, section 702, is to remove minors from immoral and evil influences which would incline them toward a state of delinquency. The purpose is accomplished by making any act or omission which would tend to cause a minor to become delinquent, a misdemeanor. (*People* v. *McDougal,* 74 Cal.App. 666, 670 [241 P. 598]; *People* v. *Calkins,* 48 Cal.App.2d 33, 36 [119 P.2d 142].)

We do not deem it proper to give to the foregoing provisions of the statute the narrow and restricted construction for which appellant herein contends. The evident object and main purpose of the statute is preventive, and as said in *People* v. *DeLeon,* 35 Cal.App. 467, 470 [170 P. 173]: "It's intent was to put a barrier across the threshold of those entrances to downward ways which are open before the feet of youth."

It is not required that the effect of the act complained of must have an absolutely certain and unmistakable tendency to cause the minor to lead an idle, dissolute, lewd or immoral life, and in determining whether the act in question would reasonably so affect the minor, the jury may apply the teachings of human experience. The statute is not to be judged in the light of the suggestions of appellant's counsel as to its possible application to supposititious cases wherein acts innocent in themselves might be held criminal according to the whim or prejudice of some judge or jury. It is not by such extreme

or fanciful standards that the application of the statute is to be determined, but rather by the reasonableness of its application to the facts of a particular case. In the case at bar we are unable to say that the finding of the judge that the conduct of appellant was of such a nature as to affect directly the welfare and morals of the minor was unreasonable and without the purview of the intent and purpose of the statute. What we have herein stated does not militate against the holding in *People* v. *Bergotini,* 172 Cal. 717 [158 P. 198], so heavily relied upon by appellant. It is readily distinguishable from the case at bar in that none of the acts therein alleged were in the presence or with the knowledge of the minors. We cannot agree with appellant that his conduct in the presence of the minor would not tend to cause the latter to become delinquent, because fornication is not a crime in California. It certainly falls within the category of immorality which has been defined as including shameless conduct showing among other things "moral indifference to the opinions of respectable members of the community. and as an inconsiderate attitude toward good order and the public welfare" (*Orloff* v. *Los Angeles Turf Club,* 36 Cal.2d 734, 740 [227 P.2d 449]). (*People* v. *Lamanuzzi,* 77 Cal.App. 301, 303 [246 P. 557]; *People* v. *DeLeon, supra,* p. 471; *People* v. *Baker,* 38 Cal.App. 28, 34 [175 P. 88].)

Appellant's contention that the evidence is insufficient to sustain his conviction because of alleged inconsistencies and improbabilities contained in the evidence presented by the prosecution and the bias of the People's witness, cannot be sustained. Appellant's argument is mainly an attempt to show certain inconsistencies and contradictions in the testimony of the minor girl. ▮ As was said by our Supreme Court in *People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758]:

". . . To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions." ▮ Even testimony which is subject to justifiable suspicion does not warrant a reversal of a judgment, for it is the exclusive province of the trier of fact to determine the truth or the falsity of the facts upon which a determination depends (*People* v. *Huston, supra,* p. 693). While the alleged variances and inconsistencies in the minor's testimony may have afforded opportunity for an argument to

the trial judge against the reliability of her testimony, we find nothing in them from which a reviewing court could justly conclude that her entire testimony is *per se* unbelievable and that it was therefore the court's duty not only to disregard it but to accept appellant's denial thereof. ■ The gist of the prosecutrix' narrative was that appellant and the former's mother frequently slept together and that on one occasion the witness observed them in an act of sexual intercourse. We fail to see wherein this testimony can be strictured as physically impossible or even improbable in view of the admitted fact that appellant frequently spent the night at the Miller apartment and the admitted fact that appellant had, on at least one other occasion, had intimate relations with Mrs. Miller. The main inconsistencies alluded to by appellant relate to the exactness of the date of the act in question and to the exact position on the bed from which the witness observed the alleged act of sexual intercourse. These were matters, as above stated, for the trier of facts to consider, as was the ultimate question submitted for his decision, viz., whether or not appellant engaged in the act of sexual intercourse with the mother of the witness as alleged. If, therefore, the court, as manifestly it did believe the testimony of the minor in the main, or if the court believed only that portion of the testimony bearing on the immediate circumstances of the commission of the act charged, and thus became satisfied beyond a reasonable doubt of appellant's guilt, it was of course within the trial court's province to base its decision upon that particular portion of her testimony, although the court might have regarded the statements of the minor on other points, as of doubtful verity. Consequently, the decision arrived at by the court against appellant is conclusive on appeal. (*People* v. *Voice,* 68 Cal.App.2d 610, 614 [157 P.2d 436] ; *People* v. *Carlson,* 73 Cal.App.2d 933, 940 [167 P.2d 812] ; *People* v. *Lewis,* 18 Cal.App.359, 364 [123 P. 232] ; *People* v. *Schultz,* 49 Cal.App. 2d 38, 42 [120 P.2d 893].)

■ It is true, as appellant urges, that the prosecutrix admitted she was angry with her mother at the time of appellant's arrest and that she had had arguments with appellant concerning her association with an older man, but as has been repeatedly held, the matters relating to the motives of a witness are to be dealt with and determined by the jury, or in the instant case, by the trial judge; and, on appeal, unless it be shown that the testimony of the witness is in-

herently improbable or impossible of belief, the determination of the duly constituted arbiter of the facts will not be disturbed (*People* v *Fleming,* 166 Cal. 357, 370 [136 P. 291, Ann. Cas. 1915B 881]; *People* v. *Tom Woo,* 181 Cal. 315, 326 [184 P. 389]). In the case now engaging our attention, by finding appellant guilty, the court evidently accepted the girl's testimony as being true, despite her motives, and there is nothing in the record upon which we can fairly base the conclusion that her testimony is inherently false; consequently, the facts established thereby must be taken in support of the decision.

Appellant contends that the trial judge was guilty of prejudicial misconduct in asking appellant questions as to the general nature of the latter's relationship with the minor's mother and as to whether appellant had engaged in acts of sexual intercourse at times other than the date charged in the information. Since the trial was before the court, we perceive no prejudicial error in the questions propounded by the court. Under section 700 of the Welfare and Institutions Code, evidence is admissible to show any conduct on the part of a person toward the minor named in the information which causes or tends to cause said minor to become a delinquent, whether such conduct consists in the doing of one act or a series of acts. The questions complained of were not irrelevant to the question of whether the minor was in danger of becoming a delinquent (*People* v. *Lowell,* 77 Cal. App.2d 341, 345 [175 P.2d 846]). Furthermore, not having made objection to or motion to strike the questions of the court, appellant cannot now on appeal, for the first time, assail the conduct of the trial judge (*People* v. *Deibert, supra,* p. 427).

Finally, appellant contends that the testimony of the prosecutrix that she was 13 years of age was legally insufficient to establish that fact. A similar contention was rejected in the cases of *People* v. *Crownover,* 34 Cal.App.2d 7, 9 [92 P.2d 929], and *People* v. *Murray,* 91 Cal.App.2d 253, 257 [204 P.2d 624].

For the foregoing reasons, the judgment and the order denying defendant's motion for a new trial are, and each is affirmed.

Doran, J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 28, 1956.