[Civ. No. 37465. Second Dist., Div. Two. June 3, 1971.]

EDWARD WYNNE et al., Plaintiffs and Appellants, v.
ORCUTT UNION SCHOOL DISTRICT, Defendant and Respondent.

COUNSEL

Trapp & Kirk, Daniel J. Kirk and Hillel Chodos for Plaintiffs and Appellants.

Robert E. Cartwright, Edward J. Pollock, Theodore A. Horn, Marvin E. Lewis, William H. Lally, Joseph W. Cotchett and Leonard Sacks as Amici Curiae on behalf of Plaintiffs and Appellants.

Sackett, Olson, Alsop & Moore and Robert V. Morris for Defendant and Respondent.

OPINION

FLEMING, J.—Plaintiffs Edward and Betty Wynne appeal a judgment on the pleadings in favor of defendant Orcutt Union School District dismissing their complaint because of its failure to state a cause of action. (*Maxon* v. *Security Ins. Co.,* 214 Cal.App.2d 603, 610 [29 Cal.Rptr. 586].) The complaint pleaded the following facts:

Edward and Betty Wynne have a son, Martin, born 13 June 1958. Martin is a victim of Friedreich's ataxia, a progressively disabling disease of the central nervous system. Martin was admitted to the May Grisham School in the Orcutt Union School District for the 1968-1969 school year. "In

strict confidence" Betty Wynne informed Martin's teacher and his principal that her son was suffering from Friedreich's ataxia and that he did not know its progressively disabling effects or its ultimate fatal outcome. On 21 January 1969 the teacher disclosed to Martin's classmates that his disease was progressive and that Martin would soon die. Martin's classmates immediately told Martin he had a fatal disease, and they repeatedly asked him when he would die. In turn Martin repeatedly asked his parents if he had a fatal disease and if he would die within a few years. They attempted to assure him that he did not have such a disease. Because of this negligent disclosure of confidential information to their son, Edward and Betty Wynne aver they have "suffered shock to [their] nervous system[s] and nerves," for which they seek compensation in damages of $200,000.

We do not question the fact that the Wynnes suffered anguish and sorrow because of Martin's disease and his discovery of its prospective fatal outcome. ■ But personal suffering gives rise to a cause of action only when it originates from a breach of duty by defendant and invades a protected interest of plaintiff. (*Rose* v. *State of California,* 19 Cal.2d 713, 729 [123 P.2d 505]; Harper and James, The Law of Torts (1956) p. 1108; Rest. 2d Torts, § 7, com. d.) ■ Neither a breach of duty by defendant nor an invasion of a protected interest in plaintiff occurred here.

1. Under the circumstances pleaded the "disclosure of confidential information" did not constitute a breach of duty. ■ We know of no authority for the proposition that a person who is informed of sad and painful facts by another has a duty not to disclose those facts to others. It is true that even in the absence of legal imposition of a duty, one may arise from a voluntary undertaking. (*Schwartz* v. *Helms Bakery Limited,* 67 Cal.2d 232, 238 [60 Cal.Rptr. 510, 430 P.2d 68].) ■ But no such undertaking is alleged here. Betty Wynne merely informed Martin's teacher "in strict confidence" of Martin's disease, and the complaint says nothing about the teacher's request for information or about any promise of hers not to reveal it to others. ■ Subsequent characterization of a conversation as confidential cannot create a retrospective duty of concealment not assumed at the time.

The Wynnes rely on *Dillon* v. *Legg,* 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316], a case where plaintiff-mother witnessed the death of her child under the wheels of an automobile negligently driven by defendant. In overruling earlier decisions which disallowed recovery for emotional distress the Supreme Court recognized a right of action for damages for physical injury to the mother as a result of emotional trauma caused by witnessing an accident which brought about the death of her child. The court held the mother's injuries were actionable because they were reason-

ably foreseeable consequences of an accident which resulted from defendant's negligent conduct. Relevant factors in determining the foreseeability of injury to plaintiff were said to be: (1) whether plaintiff was located near the scene of the accident; (2) whether shock came from the sensory and contemporaneous observance of the accident; (3) whether a close relationship existed between plaintiff and the victim of the accident. (68 Cal.2d at pp. 740-741.) But the facts at bench did not fit the personal-injury mold of *Dillon*. No accident occurred. No injury to the child is alleged. No breach of a duty to the child is pleaded. A fortiori, no breach of duty to the parents occurred.

2. Although the Wynnes adequately pleaded injury (see *Vanoni* v. *Western Airlines*, 247 Cal.App.2d. 793, 797 [56 Cal.Rptr. 115]), no invasion of any protected interest of theirs is avered sufficient to justify compensation in damages for physical injury. (*Routh* v. *Quinn*, 20 Cal.2d 488 [127 P.2d 1, 149 A.L.R. 215]; Rest. 2d Torts, § 1(d).) The illness of a child, the child's discovery that death may come sooner rather than later, the bruiting of this eventuality in the community, these events bring pain and sorrow to those affected. Yet this pain and sorrow, part of the human condition, remain outside the sphere of injury for which courts provide relief through monetary compensation. (Cf. Civ. Code, § 43.5.)

The judgment is affirmed.

Herndon, Acting P. J., and Compton, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 28, 1971. Peters, J., was of the opinion that the petition should be granted.