[Civ. No. 19363. Third Dist. Nov. 21, 1980.]

RONALD M., a Minor, etc., Plaintiff and Appellant, v.
JENNIFER WHITE et al., Defendants and Respondents.

■■■■■■■■■■■■■■

## COUNSEL

Dale W. Mahon and Irwin Lyons for Plaintiff and Appellant.

McDonald, Saeltzer, Morris & Caulfield, William O. Morris, Melany Beth Kramer, Bolling, Pothoven, Walter & Gawthrop and Margaret J. Tilghman for Defendants and Respondents.

## OPINION

**PARAS, Acting P. J.**—The 14-year-old plaintiff and appellant was one of 10 minors who were occupants of a motor vehicle on July 11, 1978. The minor driver's dangerous operation of the vehicle caused it to crash, seriously injuring plaintiff. Plaintiff sued all the other nine, including respondents Jennifer White and Billie Boyd, to whom the trial court gave summary judgment. All the minors had spent a day of leisure together, some consuming alcohol, marijuana, and "Angel Dust." Like plaintiff, White and Boyd were passengers; the driver was defendant Tim Cantrell.

Although White and Boyd were present throughout the day, they did not themselves consume any alcohol or drugs, nor did they furnish or help to pay for any. At no time did they drive the car.

■■■ Plaintiff contends it was error to let White and Boyd out on summary judgment because "A. ONE MINOR MAY CONTRIBUTE TO THE DELINQUENCY OF ANOTHER MINOR [¶] 1. It is a fundamental principle of tort law that a defendant owes a duty of reasonable care regarding his actions. [¶] 2. Penal Code Section 272 prescribed a duty of care. [¶] 3. The adolescent peer group is a powerful influence in the lives of teenagers. [¶] 4. The defendants contributed to the delinquency of Ronald M. thereby causing his injuries. [¶] 5. The defendants should be held to an adult standard of care. [¶] B. DEFENDANTS' REQUEST FOR

SUMMARY JUDGMENT SHOULD HAVE BEEN DENIED BECAUSE THEIR MOTION WAS NOT SUPPORTED UNDER CODE OF CIVIL PROCEDURE SECTION 437C."

We are not impressed. First, there is no showing that the two defendants themselves did anything violative of Penal Code section 272; they were simply present. Second, it is doubtful that as minors themselves their actions would constitute a violation or that civil damages would flow therefrom. Third, there is no causal relationship reasonably demonstrated between their actions and plaintiffs' injury.

The trial judge correctly removed these two defendants from the litigation. The judgment is affirmed.[1]

Evans, J., concurred.

**CARR, J.**—I concur in the result reached by the majority that no triable issue of fact exists and summary judgment is the appropriate dispositive procedure. The novel issue before us is whether one member of a social group, composed in this instance of minors, is liable for the tortious conduct of another member of such group, either by reason of failure to prevent such tortious conduct or failure to prevent the complaining member from placing himself or herself in a position of exposure to the tortious conduct of another member.

The pivotal point is whether mere membership in a social group creates a legal duty on each member to act for the protection of every other member. ■ Responsibility for tortious conduct rests upon the existence of a legal duty, imposed by contract, statute or otherwise, owed by a defendant to the injured person. (See *Coleman* v. *California Y. Meeting, etc.* (1938) 27 Cal.App.2d 579 [81 P.2d 469]; *Cohen* v. *Groman Mortuary, Inc.* (1964) 231 Cal.App.2d 1 [41 Cal.Rptr. 481]; *Wynne* v. *Orcutt Union Sch. Dist.* (1971) 17 Cal.App.3d 1108 [95 Cal.Rptr. 458] *Peter W.* v. *San Francisco Unified Sch. Dist.* (1976) 60 Cal.App.3d 814 [131 Cal.Rptr. 854].) ■ In the absence of a special relationship between one person and another person or between one person and a third party, there is no duty to control the conduct of such third person to prevent the causation of physical harm to the other person. (See, Rest.2d Torts, § 315.) Mere presence in a social group does not create that special relationship.

---

[1] We approve of and join in the comments contained in the concurring opinion.

■ Plaintiff asserts the requisite duty is a statutory one imposed by Penal Code section 272, which requires "every person" who causes or tends to cause delinquency in a minor to be held criminally responsible therefor. Initially, it is noted that there is a complete absence of evidence in the record that either defendant herein did any act which contributed to any delinquency on plaintiff's part, which in turn caused his injuries. Neither defendant provided or contributed money for the alcohol and drugs present at the outing; neither participated in their consumption. Plaintiff suggests that peer pressure from the members of the group, including defendants, caused him to join in the delinquent behavior in order to be accepted by the group. Such phenomenon, if one existed, may have social or psychological significance but it creates no legal duty flowing from defendants to plaintiff.

The apparent thrust of plaintiff's argument that defendants violated a duty imposed by Penal Code section 272, is that each defendant had an affirmative duty to stop defendant Cantrell from drinking or consuming drugs, thereby impairing his ability to drive, and a further duty to stop plaintiff from consumption of alcohol and drugs, thereby impairing his judgment, resulting in plaintiff's riding with an obviously intoxicated driver. Such conduct, however, does not constitute a violation of Penal Code section 272. ■ Our Supreme Court has held that merely being in the presence of a minor who has alcohol in his possession does not constitute contributing to the delinquency of a minor. (*People* v. *Simon* (1955) 45 Cal.2d 645 [290 P.2d 531].) Being in the presence of a minor who possessed paraphernalia is insufficient to constitute a violation of Penal Code section 272. (*People* v. *Superior Court* (1971) 14 Cal. App.3d 935 [92 Cal.Rptr. 545].) Section 272 has not been extended to encompass mere failure to stop a minor from delinquent conduct.

Assuming, arguendo, that defendants had violated section 272, such conduct would be presumptively negligent only if the type of harm which occurred was that which the statute was designed to prevent. (Evid. Code, § 669, subd. (a)(4).) ■ The burden is on plaintiff to show that his injury resulted from an occurrence which the statute is designed to prevent. (*Cade* v. *Mid-City Hosp. Corp.* (1975) 45 Cal. App.3d 589 [119 Cal.Rptr. 571].) The issue of whether plaintiff's injury resulted from an occurrence of the nature which the statute was designed to prevent is one of law. (*Nunneley* v. *Edgar Hotel* (1950) 36 Cal.2d 493 [225 P.2d 497]; *Cade* v. *Mid-City Hosp. Corp., supra.*)

Section 272 prohibits conduct which causes or tends to cause delinquency in minors. Its purpose is to keep children from leading "idle, dissolute, lewd or immoral lives." (See, *People* v. *Calkins* (1941) 48 Cal.App.2d 33 [119 P.2d 142]; *People* v. *Miller* (1956) 145 Cal. App.2d 473 [302 P.2d 603].) It is desirable that intoxicated minors not drive automobiles and have accidents, but there is no indication the Legislature had this purpose in mind in enacting Penal Code section 272. Plaintiff's injury was not the type this statute was designed to prevent. The statute was designed to protect the minor from leading a life of delinquency.

For the reasons stated herein, the trial judge properly granted summary judgment.