No. 57,258

Toni Akins, by and through her Mother and Next Friend, Janet Akins, *Appellant*, v. Butch Hamblin, *Appellee*.

(703 P.2d 771)

Opinion filed July 26, 1985.

*Paul J. Mohr*, of Gerald W. Scott, P.A., of Wichita, argued the cause and *Gerald W. Scott*, of the same firm, was with him on the brief for appellant.

*J. Franklin Hummer*, of Davis, Unrein, Hummer & McCallister, of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

Lockett, J.: This is an appeal from a decision of the district court of Seward County in which the court granted summary judgment to the defendant. The sole issue raised is whether a passenger in an automobile being driven in a reckless manner has a duty to speak or take positive action to avoid injury to other passengers in the same automobile.

On February 20, 1982, 20-year-old Butch Hamblin was a passenger riding in an automobile driven by his friend, 22-year-old Gary Knoll. Prior to picking up 15-year-old Toni Akins, who was dating Hamblin, Knoll and Hamblin consumed a pizza and two pitchers of beer. The three drove to a friend's house where Knoll consumed several drinks containing intoxicating liquors.

Leaving the friend's house, Knoll drove to a convenience store where he and Hamblin purchased three six-packs of beer while Akins used the restroom. Knoll left Liberal and drove to a park on

the Cimarron River where they stayed for approximately 30 minutes. Knoll and Hamblin drank several beers at the park.

A police officer drove into the park and the three decided to leave. Knoll drove, Hamblin sat in the front passenger's seat and Akins sat between them. Knoll drove to the nearby city of Kismet and then started back to Liberal on a dirt road. Knoll was driving at approximately 90 miles per hour on the road. The lights on his dashboard did not work, so Knoll attempted to illuminate the speedometer with a cigarette lighter. While he attempted to do this, he lost control of the vehicle and Akins grabbed the steering wheel attempting to keep the car on the roadway. The car went into the right ditch and then crossed back over the center line, rolled over and came to rest in a field on the opposite side of the roadway.

Akins was thrown from the vehicle and, as a result of the accident, is now a quadriplegic. Neither Hamblin nor Knoll suffered any serious injuries from the accident.

Neither Hamblin nor Akins during the evening asked Knoll to slow his speed or to drive more carefully, even though on several occasions it was apparent that Knoll was driving in a drunken, reckless manner. Knoll admitted that if Hamblin had asked him to drive in a more careful manner he would have complied with Hamblin's request.

Akins sued both Knoll, the driver, and Hamblin, the passenger. Akins settled her claim against Knoll. Hamblin filed a motion for summary judgment claiming that a passenger owes no duty to another passenger under Kansas law. The district court sustained Hamblin's motion and Akins appealed, requesting this court to recognize that one passenger in an automobile owes to another passenger in the same automobile a duty to control the operation of the motor vehicle.

Kansas courts have recognized that a passenger owes a duty to exercise that care which a reasonably careful person would use for his own protection under the existing circumstances. *McGlothin v. Wiles*, 207 Kan. 718, Syl. ¶ 1, 487 P.2d 533 (1971). It has never been recognized in Kansas that a passenger owes any duty to other passengers or third parties unless the passenger and driver were involved in a joint enterprise or the passenger and driver had a special relationship which created some duty. This is the general rule followed in almost all jurisdictions.

The plaintiff contends that prior Kansas cases have established

that a passenger owes a duty of care to other passengers. Akins cites *Railway Co. v. Bussey*, 66 Kan. 735, 71 Pac. 261 (1903), where plaintiff was a passenger in a vehicle which was struck by a train. The contributory negligence of the driver of the vehicle, in which Bussey was a passenger, was not imputed to Bussey. Bussey was denied recovery because of her failure to take action to avoid the collision. The court recognized the general rule that a passenger owes a duty to keep a lookout and avoid any danger to him or herself which the passenger can. The court then stated that Bussey had a legal duty to avoid injury to herself and "danger to others" and that she did not exercise that reasonable care and diligence for her own protection and the safety of "others" which the law requires. The court's use of the word "others" alone does not establish a duty to third parties.

Akins also cites as authority *Anthony v. Kiefner*, 96 Kan. 194, 150 Pac. 524 (1915), where the plaintiff sought damages from a mother and son for negligently causing the death of his wife. Ida Kiefner had been riding in her son's new car when it struck a buggy driven by Mrs. Anthony. The court found that the trip was neither a joint venture nor was an agency created, that Mrs. Kiefner had no management or control of the automobile at the time of the collision and, therefore, her son's negligence could not be imputed to her. Prior to the accident, the mother had driven the son's car for three blocks after which the son resumed his place as the driver. Plaintiff presented evidence that during the three blocks the mother controlled the vehicle, she drove at an excessive speed. The court determined this was not a material fact, but "if she aided or participated in the wrong she is responsible for the resulting injury." 96 Kan. at 199. Here Akins claims that had the court not recognized a duty on the part of the passenger, it would have been unnecessary for the court to analyze whether there was any personal negligence on the part of the mother. Akins' rationale would be more persuasive if the court had not gone on to say a passenger may make a suggestion or protect against the method of operating a vehicle and that there was no basis for plaintiff's theory that the mother consented to the unlawful speed beyond the fact that she did not protest or interfere in the operation of the vehicle.

We do not agree with the plaintiff's claim that this court in prior cases has by implication recognized a passenger has a duty

to other passengers. This court has clearly held, in *Kendrick v. Atchison, T. & S.F. Rld. Co.,* 182 Kan. 249, 320 P.2d 1061 (1958), that a passenger could only be liable for negligence in two situations: (1) a failure to use due care for his own safety as a passenger in the automobile, and (2) under a joint enterprise where the negligence of the driver would be imputed to the passenger.

Akins next contends that when this court approved the use of PIK Civ. 8.91, (now PIK Civ. 2d 8.91) in *Smith v. Union Pacific Railroad Co.,* 222 Kan. 303, 564 P.2d 514 (1977), we recognized the duty owed by a passenger to other passengers. PIK Civ. 2d 8.91 states:

"PIK 8.91 DUTY OF VEHICLE PASSENGER

"If a passenger has knowledge of danger and the circumstances are such that an ordinary person would speak out or take other positive action to avoid injury to himself, then it is his duty to do what the ordinary person would do under the circumstances. Unless such knowledge and circumstances exist, he may rely upon the driver to attend to the operation of the vehicle."

While the instruction correctly states the law, a careful reading of the instruction indicates that this instruction applies only where there is a question as to the duty the passenger owes to himself. Most of the cases cited by Akins were decided under contributory negligence where the issue was whether the passenger should be barred from recovery by the contributory negligence defense. All the cases cited and annotated under PIK Civ. 2d 8.91 are cases where the passenger was a plaintiff in the lawsuit and all state that a plaintiff/passenger owes a duty to himself to keep a proper lookout. None of the cases relied upon by the plaintiff under the instruction imply a passenger owes a duty to anyone other than himself. PIK Civ. 2d 8.91 is consistent with our prior cases which concluded that a passenger has a duty to avoid injury to himself.

The general rule as to a passenger's duty is stated in 7A Am. Jur. 2d, Automobiles and Highway Traffic § 635:

"As a general rule, an occupant of a motor vehicle other than the driver is not liable for injury to a third person due to the negligence of the driver, in the absence of evidence that the occupant had some control over the driver, or that the driver was in the occupant's employ, or that the driver and the occupant were engaged in a joint enterprise. However, a guest may be held liable for the consequences of the driver's negligent operation of his motor vehicle, where the guest directs or encourages the negligent act, or personally co-operates therein.

Ratification of the negligent conduct of the driver by a guest may be equivalent to command, and co-operation may be inferred from acquiescence where there is power to restrain."

For cases from other jurisdictions which follow the general rule, see *Olson v. Ische*, 343 N.W.2d 284 (Minn. 1984); *Danos v. St. Pierre*, 383 So. 2d 1019 (La. App. 1980); *Ronald M. v. White*, 112 Cal. App. 3d 473, 169 Cal. Rptr. 370 (1980); and *Cecil v. Hardin*, 575 S.W.2d 268 (Tenn. 1978). The rule is also stated in 60A C.J.S., Motor Vehicles § 444.

The only jurisdiction which seems to support plaintiff's view is Texas. That state has held that the duty of a passenger in an automobile is measured by the same standard of care as that of the driver; the test applied is reasonable care, the care a reasonably prudent person would exercise under like circumstances. *Adams v. Morris*, 584 S.W.2d 712 (Tex. Civ. App. 1979).

In *Adams*, the plaintiff sued an automobile driver and the passenger seeking a recovery for personal injuries resulting from an automobile-pedestrian collision. The court there agreed with the general rule that a passenger may rely on the driver to keep watch. The court then went on to say a passenger may not abandon the exercise of his own faculties and rely solely upon the driver where the passenger knows the vehicle is being driven in a reckless or careless manner. Since the passenger knew that the driver's attention was diverted, the passenger's failure to keep a lookout and his failure to request the driver to slow down or stop imposed a duty upon the passenger to third parties injured by the driver of the automobile. The passenger in *Adams*, however, was partially responsible for the driver's inattention.

Hamblin claims that Restatement (Second) of Torts § 315 (1964) is applicable to the facts of this case, while Akins claims it is not applicable. Restatement (Second) of Torts § 315 provides:

"§ 315. General Principle
    "There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless
        (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
        (b) a special relation exists between the actor and the other which gives to the other a right to protection."

Comment b. to § 315 states in part that:

"In the absence of either one of the kinds of special relations described in this

Section, the actor is not subject to liability if he fails, either intentionally or through inadvertence, to exercise his ability so to control the actions of third persons as to protect another from even the most serious harm. This is true although the actor realizes that he has the ability to control the conduct of a third person, and could do so with only the most trivial of efforts and without any inconvenience to himself. Thus if the actor is riding in a third person's car merely as a guest, he is not subject to liability to another run over by the car even though he knows of the other's danger and knows that the driver is not aware of it, and knows that by a mere word, recalling the driver's attention to the road, he would give the driver an opportunity to stop the car before the other is run over."

Other courts, when discussing a passenger's duty, have cited this section of the Restatement. For examples, see *Hale v. Allstate Ins. Co.*, 639 P.2d 203 (Utah 1981), and *Olson v. Ische*, 343 N.W.2d 284.

The plaintiff, however, contends that the more general rule defining negligence, as stated in PIK Civ. 2d 3.01, should apply:

"PIK 3.01 NEGLIGENCE DEFINED

"Negligence is the lack of ordinary care. It is the failure of a person to do something that an ordinary person would do, or the act of a person in doing something that an ordinary person would not do, measured by all the circumstances then existing."

PIK Civ. 2d 3.01 is a general definition of the term "negligence" and is not designed as a specific rule where other standards of care, *i.e.*, products liability, malpractice, etc., apply. Section 315 of the Restatement (Second) of Torts correctly follows our prior statements of law where a passenger is riding as a guest in an automobile.

Akins argues that the Kansas comparative negligence statute, K.S.A. 60-258a, requires that a passenger's negligence be determined and that if he is negligent he be assessed a percentage of the fault. She contends that unless a passenger is required to contribute for any negligence for which he is assessed, the injured party will never be able to collect the full amount of her claim, and that the enactment of comparative negligence gave rise to a duty between passengers in the same vehicle.

The defendant argues, however, that if a party owes no duty to a passenger, then there can be no allocation of fault to that party, and the plaintiff will not be denied full recovery. A plaintiff will be allowed full recovery against all persons who are liable under the law.

K.S.A. 60-258a abolished the defense of contributory negligence and established that the award of damages to any party in a

negligence action shall be diminished in proportion to the amount of negligence attributed to such party. K.S.A. 60-258a(b) provides that the jury or the court will determine the percentage of negligence attributable to each of the parties and the total amount of damages sustained by each of the claimants.

The statute also provides that:

"(c) On motion of any party against whom a claim is asserted for negligence resulting in death, personal injury or property damage, any other person whose causal negligence is claimed to have contributed to such death, personal injury or property damage shall be joined as an additional party to the action.

"(d) Where the comparative negligence of the parties in any action is an issue and recovery is allowed against more than one party, each such party shall be liable for that portion of the total dollar amount awarded as damages to any claimant in the proportion that the amount of his or her causal negligence bears to the amount of the causal negligence attributed to all parties against whom such recovery is allowed."

The adoption of the comparative negligence statute by our legislature was designed to eliminate the rigors of the common-law contributory negligence law and the all or nothing effect of the rule. Our comparative negligence statute requires that the apportionment of responsibility of harm inflicted be compared with the negligence, if any, of the injured party. It apportions the responsibility of the payment of damages between tortfeasors while diminishing the injured party's recovery in proportion to the injured party's negligence.

Akins correctly determines that the statute makes it mandatory that the percentage of negligence attributable to each of the parties must be determined. In *Brown v. Keill*, 224 Kan. 195, 580 P.2d 867 (1978), this court made it clear that the purpose of the statute was to impose individual liability based on proportionate fault of all parties to the occurrence. Obviously, the statute and the case law mandate that negligence be apportioned to all the parties to an occurrence, whether they be a passenger or a driver of a vehicle.

Akins contends that under the statute, and the case law, the negligence of the two passengers, Butch Hamblin and Toni Akins, must be compared with that of the driver of the car. She argues that it is illogical under the statutory scheme of K.S.A. 60-258a to say that the comparative negligence of defendant Hamblin, a party, is going to be compared for some purposes, but not all purposes.

Under 60-258a all tortfeasors may be made parties to a lawsuit and when they are not made parties to the lawsuit their percentage of fault may be determined. The goal of determining fault of all the parties responsible for causing or contributing to the damages is to allow each party to be joined in the action, even if a party is immune or judgment-proof. *Miles v. West,* 224 Kan. 284, 580 P.2d 876 (1978). The individual liability of each defendant for payment of damages is based on that defendant's proportionate fault. To be a party against whom a claim for recovery is made under the statute there must be a claim of causal negligence to be submitted to the trier of fact. *Pape v. Kansas Power & Light Co.,* 231 Kan. 441, 449, 647 P.2d 320 (1982).

Under the statute and the case law it is clear that one must first be a tortfeasor, must be negligent or at fault, before one can be made a party subject to having his negligence compared and liability allotted for his proportion of the damages suffered by the injured party. In *Durflinger v. Artiles,* 234 Kan. 484, 673 P.2d 86 (1983), this court said that negligence exists where there is a duty owed by one person to another and a breach of that duty occurs and, if recovery is to be had for such negligence, the injured party must show a causal connection between the duty breached and the injury received, and that he or she was damaged by the negligence. There first must be a duty owed before there can be negligence. Without such a duty, a person cannot be at fault and therefore cannot be made a party subject to having his negligence compared.

This court has never recognized that a passenger owes a duty to other passengers or third parties. It has been held in several cases that the legislature's enactment of the comparative negligence law did not create any new duties. See *Taplin v. Clark,* 6 Kan. App. 2d 66, 69, 626 P.2d 1198 (1981); and *Britt v. Allen County Community Jr. College,* 230 Kan. 502, 505, 638 P.2d 914 (1982). Since the defendant in this case owed no duty to the plaintiff, no fault could be assessed against him. Akins is not denied full recovery because she can recover all her damages from the driver, the only individual who breached a duty owed her under the law.

The plaintiff's final argument is that if the court finds that there is no duty to third persons, but there is a duty of a passenger to himself, the equal protection guarantees of the United States and

Kansas Constitutions will be violated. She claims that such a result would create an impermissible classification. She, however, offers no legal support for this argument.

Akins proposes a hypothetical set of facts based on her earlier assumption that the passenger owes a duty to other passengers. Fault is then assigned to that passenger, but the injured third party is not allowed to recover from the passenger. If this were true, it would certainly be a violation of equal protection guarantees, but under present law, no fault will be attributed to the passenger when a third party is suing. Fault will only be attributed to the passenger if the passenger is suing the driver, and the passenger will be denied recovery for any amount for which he is found negligent.

There must be a classification before the Equal Protection clause is violated. The classification is unconstitutional only if it rests on grounds wholly irrelevant to the achievement of the state's objectives. *Manhattan Buildings, Inc. v. Hurley,* 231 Kan. 20, 643 P.2d 87 (1982). In this case there is no classification. All third parties are denied recovery from passengers. Therefore, Akins' equal protection argument lacks merit.

Judgment of the district court is affirmed.